Redden v. Inman.

---

JOSEPH W. REDDEN, Ex'r,

v.

WILLIAM INMAN.

1. EVIDENCE—ADMISSIONS OF DECEASED PARTY.—A party to a suit is not a competent witness to statements or admissions made by a deceased party.
2. PAROL EVIDENCE TO VARY WRITING.—Parol testimony is not admissible to show that interest was to be paid at the rate of six per cent. as against a note drawing interest at the rate of ten per cent., in an action to recover the difference between six and ten per cent., after it has been paid.

APPEAL from the Circuit Court of Gallatin county; the Hon. C. S. CONGER, Judge, presiding. Opinion filed April 2, 1880.

Mr. CARL ROEDEL, for appellant; that parol evidence is inadmissible to contradict the terms of the note, cited Harlow v. Boswell, 15 Ill. 56; Countess of Sutherland's case, 5 Rep. 26; Hunter v. Bilyeu, 30 Ill. 228; 1 Greenleaf's Ev. § 297; 2 Phillip on Evidence, 665; Cunningham v. Wren, 23 Ill. 64.

At law, money paid by mistake cannot be recovered back, unless the sum paid is over and above what plaintiff contracted to pay: Mer. Ins. Co. v. Jaynes, 87 Ill. 199; Boyce v. Wilson, 32 Md. 122; Allen v. Stenger, 74 Ill. 119; Stuart v. Sears, 119 Mass. 143; Trumbull v. Campbell, 3 Gilm. 502; Mason v. Waite, 17 Mass. 563.

Proof of mistake must be clear: Hunter v. Bilyeu, 30 Ill. 228; Potter v. Potter, 27 Ohio St. 84; Nevins v. Dunlap, 33 N. Y. 676; Sawyer v. Hovey, 3 Allen, 331.

Money paid voluntarily cannot be recovered back: 2 Chitty on Contracts, 933; Bradford v. Chicago, 25 Ill. 411.

Mr. WILLIAM G. BOWMAN, for appellee; that if there is an error upon the face of an instrument, a court of law can correct it, cited Kerr on Fraud and Mistake, 417.

Courts will enforce contracts according to the intent of the parties: Mer. Ins. Co. v. Jaynes, 87 Ill. 199; Am. Ex. Co. v. Pinckney, 29 Ill. 392; Burr v. Broadway Ins. Co. 16 N. Y. 274; Bernard v. Cushing, 4 Met. 233; Smith v. Riddell, 87 Ill. 165.

Extending the time of performance creates no new contract: Bacon v. Cobb, 45 Ill. 47.

As to when parol evidence will be received against a written instrument: Baker v. Whiteside, Breese 174; Wadsworth v. Thompson, 3 Gilm. 423.

The rule does not apply to collateral undertakings: Stephens Dig. Chap. 12, § 90; 24 N. Y. 344; 3 Hill 241; 6 Exch. 69; 55 N. Y. 280; 74 N. Y. 531.

Payment may be made under protest, and the amount recovered back: C. &. A. R. R. Co. v. V. & W. Coal Co. 79 Ill. 121; Pemberton v. Williams, 87 Ill. 15.

The action for money had and received, is an appropriate remedy: Martin v. Chambers, 84 Ill. 579; Reid v. Barker, 3 Cow. 283; Walstob v. Spottiswood, 15 Mees. & W. 515; Kempson v. Sanders, 13 E. C. L. 321; Nockils v. Crosby, 3 Barn. & C. 814.

WALL, J. Franklin L. Rhoads being executor of John T. Jones, deceased, by virtue of power contained in the will, bargained a tract of land belonging to the estate to one Samuel Smith. The price agreed on was $1200, of which $450 was paid down. For the residue Smith gave his notes, payable in two and three years, respectively, the first for $400, the last for $350, bearing 6 per cent. interest from date. Rhoads gave Smith a written contract to convey the land upon the payment of these notes. This transaction occurred January 29, 1866. Nothing was paid on these notes. On the 18th August,

1868, Smith assigned his contract to Inman, the appellee, and by arrangement between all parties, Smith's notes were to be exchanged for Inman's. The amount due on Smith's notes was computed by Rhoads, and he drew up three notes for $290 each, payable in one, two and three years, respectively, all bearing interest at the rate of ten per cent. per annum. Inman signed and delivered these latter notes to Rhoads. He paid nothing on them until November 11, 1872, when he paid $100. Rhoads died, and Redden, the appellant, succeeded him as executor in 1874, and to the latter Inman paid the balance on his notes, the payments, some six or seven in number, occurring at different times during the years '74, '75, '76 and '77, the last on the 17th November, 1877, when a deed was made to the wife of Inman at his request. Afterwards Inman brought suit against Redden to recover the difference between six and ten per cent. interest on these notes, alleging that the contract between him and Rhoads was that he was to pay but six per cent. interest, and that by mistake the notes called for ten. The cause was heard by the court, a jury being waived, and judgment was for plaintiff, from which defendant appealed. It is assigned as error, that the court permitted the plaintiff, Inman, to testify to the transaction between himself and Rhoads, since deceased, and as without this testimony the finding must have been otherwise, this assignment of error is material, and must be considered. At common law Inman was disqualified, because he was a party to the record, and because he was interested in the result. This disqualification was removed by Sec. 1 of the Act of 1867. See Ch. 51, R. S. But by Sec. 2 of the same act it is provided that no party to a suit or person interested therein, shall testify in his own behalf, when the adverse party sues or defends as the administrator, executor, heir, legatee or devisee of any deceased person, or subject to certain exceptions not necessary to be stated. In Boynton v. Phelps, 52 Ill. 210, the Supreme Court say: "The second section of this Act of 1877 clearly contemplates that the parties to a suit when one of them is offered as a witness against the other, shall occupy equal ground; that both shall be present in the flesh, or have power to be present," and it was held that the person for whose

use the suit was brought was a " party" within the meaning
of the section, and he being dead the opposite party was incom-
petent. In Whitmer v. Rucker, 71 Ill. 410, the plaintiff was
administrator of the payee of a note which was signed by the
defendant and another person who was not a party to the suit,
and it was held that the latter was not a competent witness
against the plaintiff, and it was said that it is manifest "it was
not intended that one party to the suit shall be a witness when
from death or other cause the other party can not be heard to .
testify," and that " this, like all other remedial statutes, has a
spirit that extends beyond the mere letter, and it is the duty
of courts to so construe such statutes as to effectuate the object
of the law-makers as gathered from the enactment."

We think the considerations here stated apply with great
force to the case at bar, and control it. The plaintiff sought
to recover upon certain alleged matters occurring between him-
self and the deceased Rhoads. The defendant Redden, while
he was the successor of Rhoads as the executor of Jones, was
in fact the representative of Rhoads as to this transaction,
which was really with Rhoads and not with Jones. Redden
occupied substantially the position of administrator to Rhoads,
and every reason which would have prevented Inman from tes-
tifying if Redden were nominally the administrator of Rhoads,
would apply here. The mischief intended to be prevented by
the second section, was that by the first a party to the suit
might have an under and dangerous advantage, and would be
under strong temptation to commit perjury if he were allowed
to testify in regard to a transaction with the other party since
deceased. We think the case clearly falls within the spirit of
the act as expounded by the Supreme Court, and that the tes-
timony of Inman should have been excluded from considera-
tion. It is further urged that it was not admissible to hear
parol evidence, such as was offered and heard to modify the
terms of the notes. The plaintiff insisted that by his arrange-
ment with Rhoads he was to have the benefit of Smith's con-
tract, with an extension of time and at the same rate of interest.
Smith's notes were to be surrendered. Rhoads computed the
amount then due, and drew up the notes for Inman to sign.

Redden v. Inman.

Inman says he signed them without reading, and supposing they drew only six per cent. This transaction occurred in 1868. Nine years later he completed the payment, and the deed was executed according to his request. He afterwards brought this suit.

Admitting that such evidence was competent in contradiction of the notes, we think the proofs in the case preclude a recovery. It would require more satisfactory evidence than appears in this record, to sustain the finding. It is a familiar rule that parol, contemporaneous evidence is inadmissible to contradict the terms of a valid written instrument. There was nothing in this case to prevent the application of this rule. The object of this evidence was to contradict the express terms of the written instruments, and thereby to substitute language different from that contained in the writing. It is competent to show by parol a subsequent verbal change, modification or discharge of a written contract; but it has never been held that a court of law could entertain an application to change or modify such an instrument upon contemporaneous, parol evidence. The negotiations of the parties having been reduced to writing, must be considered as merged in it, and the writing is to be regarded as the only outward expression of their meaning. It is then the duty of the court to interpret the language used, and while the contract will be read in the light of surrounding circumstances, and in connection with other writings pertaining to the same subject-matter, these are resorted to only for the purpose of more thoroughly ascertaining the just interpretation of the instrument. 1 Gr. Ev. 275 *et seq.* Courts of equity may entertain applications to reform and enforce such instruments when by accident, mistake or fraud the intention of the parties has not been truly set forth; but in such cases the applicant must stand upon favorable grounds of diligence and fair dealing, and the relief allowed must be equitable in its nature and operation to all concerned.

We think no cause of action appears in this case, and that the judgment should have been for the defendant.

*Judgment reversed.*