Trumpler, Admr., et al. *v.* Royer et al.

*Bills of exceptions—Correction of errors—Section 11572a, General Code, remedial—Evidence—Privileged communications —Section 11495, General Code—Executor or administrator adverse party—Conversations concerning estate admissible, when—Allowance of attorney fees by probate court and appeal therefrom—Contract not binding upon ·estate, when. ·*

1. Section 11572a, General Code, 103 O. L., 405, making provision for amendments to ·bills of exceptions, is a remedial statute which is to be liberally construed, and a bill of exceptions may be amended ·by striking therefrom an incorrect ·statement and substituting therefor a true and correct statement.
2. In an action against an executor or administrator, a party is not precluded by Section 11495, General Code, from testifying to transactions had with such executor or administrator with reference to the estate of his decedent, although such executor or administrator is not living at the time of the trial.
3. Where attorneys are employed to render services on behalf of an estate the allowance of fees for such services rests in the sound discretion of the Probate Court, with a statutory provision for an appeal if the allowance is not satisfactory, and the estate will not be bound by a contract with the executor or administrator for such services.

(Decided March 25, 1918.)

Error: Court of Appeals for Seneca county.

*Messrs. Frank T. Dore* and *Mr. Milton Sayler,* for plaintiffs in error.

*Messrs. Royer & Spitler* and *Mr. Walter Rohrbacker,* for defendants in error.

Chittenden, J. This case originated in the Probate Court upon an application by Royer &

Spitler for an allowance of attorney fees for services rendered in defending the will of Emma R. Slusser, deceased, in a contest suit. The Probate Court, upon the evidence introduced in that court, allowed the attorneys for their services the sum of $400. An appeal was prosecuted by Royer & Spitler to the Court of Common Pleas, and upon trial in that court an allowance was made to them of $2,000. From this judgment error is prosecuted to this court.

In the Court of Common Pleas it was stipulated that the testimony taken in the Probate Court should be submitted as evidence, subject to the right of the defendants to object to any part thereof on the ground that it was incompetent. On the trial in the Probate Court, the applicants, John C. Royer and Calvin D. Spitler, were permitted to testify, and John C. Royer testified further in the trial in the Common Pleas Court. This testimony was received by the common pleas judge over the objection of the defendants, with the statement that upon his consideration of the case he would determine its competency and make a ruling thereon. The bill of exceptions, prepared by the defendants and signed by the trial judge, contained the following statement:

"And the court coming now to consider the admissibility of said evidence, finds that the same is incompetent and the evidence of the said John C. Royer and Calvin D. Spitler is hereby excluded from the record and the same will not be considered by the court in the determination of the issues herein."

After the case had been assigned for hearing in this court, the defendants in error suggested a

diminution of the record and this court remanded the record to the Court of Common Pleas with instructions to make such corrections as he might find necessary, if any, to cause the bill of exceptions to present a true record. Thereupon the record was presented to the trial judge, who endorsed upon the margin of the page containing the statement above quoted, the following:

"This page of record is erroneous and is not the true record of this case. The statements contained on this page are corrected on the preceding page. This marginal statement is made this 4th day of March, 1918."

This marginal statement is signed by the trial judge. The "preceding page" referred to was inserted by the trial judge, as is shown by a marginal statement on that page signed by the trial judge, which contains the following statement with reference to the testimony given by Judge Royer and Mr. Spitler:

"After full consideration by the court, the court does overrule the motion of defendants to strike from the record the testimony of Judge Royer and Mr. Calvin D. Spitler."

Counsel for the plaintiffs in error objected to this correction being made, and preserved exceptions to the ruling and action of the trial judge. Thereupon counsel for the plaintiffs in error moved this court to strike from the bill of exceptions the substituted page, which contains the correction made by the trial judge as above indicated.

The amendment was made under favor of Section 11572*a*, General Code, 103 Ohio Laws, 405. This section provides:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

After a careful consideration of the question presented by this motion, we are of opinion that the trial judge was authorized by this section of the statute to make the amendment. It is a remedial statute, which is to be liberally construed, and is intended to relax the rigidity of the former rule which precluded the making of amendments to a bill of exceptions after the same had been allowed, signed and filed. It is claimed that it is not shown that there was an omission in the bill, and if there was, that it did not occur through accident or error. It would seem to be obvious from the correction made by the trial judge, especially in view of the marginal statements signed by the trial judge, that the recital in the bill of exceptions as originally signed could not have been included in the bill of exceptions otherwise than as the result of an error, for it set forth a ruling that was the reverse of the one which the trial court now insists that he in fact made, and it is equally obvious that the bill of exceptions did omit to contain the ruling that was in fact made by the trial court and that such omission was necessarily the result of an error. If the testimony of a witness had been given in the trial of a case and by inadvertence the stenographer had failed to transcribe it and include it in the bill of exceptions, it would scarcely be contended that under the provisions of the section cited it would not be proper to order a transcript

of such testimony inserted in the bill of exceptions. We think the case is not different in principle where the testimony has been transcribed and inserted in a bill of exceptions and by an error in the preparation of the bill of exceptions it appears that the court had excluded it from his consideration. Surely no one can know so well as the trial judge whether he did or did not in fact consider the testimony in arriving at a decision, and we think that the correction as made in this case was not only within the spirit but within the letter of the statute. The motion of plaintiffs in error to strike the amendment from the bill of exceptions will therefore be overruled.

It is earnestly contended by counsel for plaintiffs in error that the evidence of Judge Royer and Mr. Spitler is incompetent because of Section 11495, General Code, which provides that ''a party shall not testify when the adverse party is * * * an executor or administrator.'' The facts which it is claimed bring the testimony within the provisions of this section are, briefly stated, these:

After the death of Emma R. Slusser, Samuel Dahm was appointed and qualified as the executor of her will. Thereafter an action was brought to contest the will, and Royer & Spitler claim that Samuel Dahm employed the firm, by an agreement made with Mr. Spitler, to defend the will, Mr. Spitler agreeing for the firm to release Dahm from any personal liability for such services and to look to the estate for compensation. An answer was prepared by these attorneys for Mr. Dahm, which was filed in that case. A few months thereafter, and before the trial of the case, Dahm

died. The Probate Court thereupon appointed the plaintiff in error, Walter G. Trumpler, administrator *de bonis non* with the will annexed. Trumpler was not made a party to the will contest, but the case proceeded to trial, resulting in a verdict sustaining the validity of the will. It is claimed by Royer & Spitler that all their services rendered in defense of the will, after the death of Dahm, were done with the knowledge and consent of Trumpler.

That part of Section 11495, General Code, above quoted, is subject to certain exceptions contained in the same section, the first of which is that a party shall not testify except as to "facts which occurred * * * after the time the decedent * * * or testator died." The decedent or testator, whose estate was involved in the litigation, is Emma R. Slusser, and necessarily the transactions with Dahm occurred after her death, so that the evidence of Royer & Spitler would be competent under the exception above quoted. This statement is perhaps not seriously disputed, but it is urged, and earnestly urged, that because the transaction testified to was with the executor of Emma R. Slusser's estate, and that executor is dead, the testimony comes within the concluding part of the section of the General Code referred to, which provides that "when a case is plainly within the reason and spirit of the next three preceding sections, though not within the strict letter, their principles shall be applied."

In support of this contention, counsel for plaintiffs in error cite Jones on Evidence (2 ed.), Section 773. That citation seems to sustain the claim of counsel for plaintiffs in error, but Mr. Jones

cited no authority for the statement contained in the text. Our attention has been called to a later edition of Mr. Jones' work, issued in 1914. In 4 Jones' Commentaries on Evidence, Section 786, page 827, is found the following language:

"If the *transactions* relative to the estate of the deceased or incompetent person occurred *after the person died* or became incompetent, the adverse party is, as a rule, competent to testify as to them. But, there is a conflict as to whether the rule should apply, when the representative with whom the transaction was had is himself dead, and the weight of authority favors its admission."

The exact question was considered by the Supreme Court of North Dakota in the case of *St. John* v. *Lofland*, 5 N. D., 140. The decision in that case was in favor of the admission of such evidence. The rule as cited in the text quoted is also supported by *Palmateer* v. *Tilton, Admr.*, 40 N. J. Eq., 555, and *Dunne* v. *Deery*, 40 Iowa, 251.

Counsel for plaintiffs in error, with some comments thereon, cite among other Illinois cases the case of *Redden, Exr.*, v. *Inman*, 6 Ill. App., 55. The Illinois cases are discussed by the Supreme Court of North Dakota, where they are distinguished because of the Illinois statute, and that court says:

"Even if these cases supported the plaintiff's contention, we should adhere to the views we have expressed." (*St. John* v. *Lofland*, 5 N. D., 140, 146.)

We think that Prof. Jones was entirely justified in stating that the weight of authority is in favor of the admission of the evidence.

The Supreme Court of Ohio has cautioned against an extension of the disqualification provided by this statute under the clause applying the principle to cases within the reason and spirit of the preceding sections, and we think the Supreme Court has clearly indicated that the evidence here in question is admissible. *Cochran* v. *Almack,* 39 Ohio St., 314, and *Cockley Milling Co.* v. *Bunn, Admx.,* 75 Ohio St., 270.

It is further contended that if the plaintiffs are entitled to recovery that recovery must be limited to services performed for Dahm prior to his death. It is possible that counsel for both plaintiffs in error and defendants in error have attached undue weight to the claimed contract made between Dahm and Royer & Spitler. It is thoroughly established in Ohio, beginning with the case of *Lucht, Admr.,* v. *Behrens,* 28 Ohio St., 231, that contracts of executors or administrators, such as those for legal services furnished an estate, are the personal contracts of the executors or administrators and do not bind the estate, notwithstanding the fact that such services are rendered for the benefit of the estate. The executor or administrator may use the funds of the estate for purposes authorized by law, but may not bind the estate by a contract and thus create a liability not founded upon a contract of the testator. In *Thomas, Admx.,* v. *Moore,* 52 Ohio St., 200, it was expressly held that executors and administrators are personally liable for the services of attorneys employed by them, but that contracts therefor do not bind the estate. The court, in the opinion, at page 206, sets forth the correct procedure, which is, in brief, that the executor or administrator may pay what such serv-

ices are reasonably worth, and present his bill to the Probate Court for allowance, and that it is then the duty of the Probate Court to make an allowance for such expenses as have been properly incurred. See *Smith* v. *Rhodes & Wilt*, 68 Ohio St., 500; *Trumpler, Admr.*, v. *Royer*, 95 Ohio St.; 194; *McBride & McBride* v. *Brucker, Admr.*, 5 C. C., 12, and *Mellen* v. *West, Admr.*, 5 C. C., 89. The *Trumpler* v. *Royer case* arose out of one phase of the case at bar.

The cases cited establish beyond question in this state the rule that where attorneys are employed to render services on behalf of an estate the entire matter of the allowance of fees for such services rests in the sound judgment of the Probate Court, with a statutory provision for appeal in case the allowance is not satisfactory, in which contingency the matter becomes a question to be determined by the Court of Common Pleas.

The evidence is not in serious conflict as to the employment of Royer & Spitler by Dahm, but the evidence is not in accord as to the employment by Trumpler, or as to the services having been performed by Royer & Spitler with the knowledge and consent of Trumpler.

After a careful examination of the record we are, however, unable to say that the finding and judgment of the Court of Common Pleas are manifestly against the weight of the evidence.

Finding no reversible error, the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and KINKADE, JJ., concur.