DICKEN et v. STRASBURGER.

Ohio Appeals, 6th Dist., Wood Co.

No. 407. Decided Dec. 5, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

485. EXECUTORS AND ADMINSTRATORS—516. Fees and Costs—Attorneys, for special administrator appointed under provisions of 10619 GC., not entitled to fee for services rendered in connection with litigation involving contest of will.

480. EVIDENCE—Filing of statement by attorney for special administrator appointed under provisions of 10619 GC. no bar to consideration of evidence tending to show valuable services rendered by such attorney in addition to services charged for in such statement.

Error to Common Pleas.

Judgment reversed.

Edward H. Fries, Bowling Green, for Dicken et.

E. R. Harrington, Bowling Green, for Strasburger.

FULL TEXT.

RICHARDS, J.

Jacob Strasburger, a resident of this county, died leaving an instrument claimed to be his last will and testament. Litigation arose as to the validity of the instrument as a will, and that litigation was carried to the Supreme Court of the state. During the pendency of the litigation Charles F. Dicken was appointed special administrator of the estate under the provisions of Section 10619, G. C. The provisions of that section and of Section 10621, G. C., make it the duty of a special administrator to collect and preserve the effects of the deceased for the executor or administrator who may be thereafter appointed.

The special administrator employed Edward M. Fries, an attorney at law, to represent him. A part of the duties which fell to the administrator consisted in the conducting of a business which had been operated by the decedent. The litigation relating to the will ended by a determination that the instrument was not valid as a will. Thereupon the special administrator filed his account in the Probate Court disclosing receipts of more than $20,000.00 and various expenditures, among which was an item of $403.90 paid to his attorney for services and expenses. This payment was based upon a written statement of legal services made

by the attorney, which included items for services rendered in the litigation relating to the will, and other·items for services apparently rendered for the special administrator in aiding him to collect and preserve the assets of the deceased. No specific charges are made for the seperate items, but the amount charged is contained in one item of $403.90 for the entire services.

Exceptions were filed in the Probate Court to the administrator's account, it being contended that he had no right to pay the attorney for any services relating to the litigation arising over the alleged will. The case was tried in the Court of Common Pleas de novo on appeal by the special administrator from the judgment rendered in the Probate Court. On trial in the Court of Common Pleas that court adjudged that the administrator was not entitled to credit for any amounts paid for serivces in the litigation over the alleged will, but allowed a credit of $100.00 for the other services rendered by the attorney, and this proceeding in error is brought to secure a reversal of that judgment.

On the trial of the case the attorney who represented the special administrator testified to the rendition of various services for the benefit of the estate· in and about conserving the assets of the estate in addition to the statement of legal services which he had filed with the special administrator. After the evidence was all introduced, the court by its order excluded from consideration all of the evidence offered on behalf of the administrator which showed the rendition of services not set out in the bill filed in the Probate Court, and to this ruling exceptions were taken.

This court is of the opinion that in excluding from consideration all such evidence the trial court erred to the prejudice of the administrator. The exclusion could only have been on the theory that by rendering a statement of services to the administrator the attorney was estopped from making any additional claim, or that he had conclusively waived the right to compensation for any services not set forth in the statement filed and that the disbursement by the administrator could not be justified by proving additional valuable services which were omitted from the bill, regardless of the cause of such omission. That, of course, could not be the rule of law. Undoubtedly when the payment was sought to be justified by proving additional services, the parties would be confronted, and properly so, with the statement for services theretofore rendered, and that statement would be an admission against interest competent in evidence, but it could not prevent the court from considering the evidence as to the rendition and value of any other proper services, if there were such. The court should have weighed and considered all of the evidence relating to services rendered by the attorney for the benefit of the estate in aiding the special administrator to conserve the assets of the estate.

While the statement of legal services filed with the administrator is attached to his account, it does not appear to have been offered in evidence and until so offered it would not properly be before the court. We do not understand that any written, itemized statement was required to have been filed by the attorney or by the special administration.

Of course the estate was not bound by any contract which had been made by the special administrator with the attorney. Even in the case of a general administrator or executor, such contract is not binding on the estate. Trumpler, Admr. et al. v. Royer, et al., 18 Ohio App., 151.

The trial court, however, was right in disallowing the claim for services in so far as the charges were for services in litigation growing out of the alleged will. The special administrator was not concerned in that litigation and was not even a party thereto.

For the error in excluding evidence relating to the additional services, the judgment will be reversed and the cause remanded for a new trial.

(Williams and Lloyd, JJ., concur.)