Marshall, C. J.
 

 James Clark was tried in the court of common pleas of Hamilton county upon an indictment charging murder in.the second degree. He was found guilty of the offense of manslaughter.
 
 *163
 
 Error was prosecuted to the Court of Appeals, and thence to this court. When the bill of exceptions was prepared, it was found that in that portion of the charge relating to the subject of reasonable doubt the language of the charge as shown in the bill of exceptions was as follows:
 

 “It is that state of the case, after comparing and considering all the evidence which leaves the minds of the jurors in such condition that they cannot justly say they have a firm belief or conviction to an honest certainty of the truth of the charge. If they cannot so say, a reasonable doubt exists, and it would be your duty to
 
 convict
 
 the defendant, but, if you can say that you feel a firm conviction to an honest certainty of the truth of the charge, and that the state has established all the elements necessary to make out the offense, there would not be a reasonable doubt, and it would be your duty, under those circumstances, to find the defendant guilty.”
 

 We have italicized the word “convict” in the portion of the charge quoted, because the error' complained of relates to the use of that word. Manifestly, the trial judge intended td use the Word “acquit.” When the case was argued in the Court of Appeals there was no claim of mistake in transcribing the charge of the- court, but in this court the suggestion was made that the court had employed the word “acquit,” and that the word “convict” was. an error of: the stenographer. After the case was argued in this court and submitted, the prosecuting attorney moved that the bill of exceptions be remanded to the trial court for correction. The motion being allowed and the bill of exceptions being remanded, the trial court corrected the same by in-
 
 *164
 
 sorting the word “acquit” for the word “convict.” The only question argued before this court was that the jury had been erroneously charged upon the subject of reasonable doubt, and that the jury had been instructed to convict the defendant if they entertained a reasonable doubt of his guilt. It now appearing that the jury were correctly charged upon that subject, and that the bill of exceptions did not correctly state the language of the court, and the bill now having been corrected, and it appearing that the court correctly charged the jury, the judgment of the trial court and of the Court of Appeals must be affirmed.
 

 A novel question of procedure is before the court, in that we do not find that this court has heretofore been called upon in any reported case to make any order relating to diminution of record in the trial court. Section 11572-u, General Code, provides:
 

 “When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction.”
 

 The language of this statute is plain, and it is apparent that the ends of justice would not be served by a new trial of the cause if the jury were in fact correctly charged, but through accident or error the bill of exceptions did not correctly state the language of the charge. Having no knowledge of the subject, and no authority to make an original investigation, the interest of justice demanded that the bill of exceptions be returned to the trial court, where the true facts could be ascertained. The court therefore remanded the bill of exceptions to the trial court, and
 
 *165
 
 the trial court proceeded to make the inquiry, and ascertained that it was the error of the stenographer, and ordered the correction of the bill. Thereupon the bill of exceptions was again transmitted to this court in corrected form. Inasmuch as the Court of Appeals had affirmed the conviction, and this court is also affirming the conviction, there is no occasion for having the record again reviewed by the Court of Appeals. This court finds that it is permissible practice under the section quoted to remand only the bill of exceptions, and not to remand the cause. The bill of exceptions only having been remanded, and the cause having remained in this court, no order on the part of the Court of Appeals is necessary.
 

 Judgment affirmed.
 

 Day, Allen, and Kinkade, JJ., concur.