By the Court.
 

 The cases of Joseph Weaver
 
 v.
 
 State of Ohio, No. 21473, and John Sabo
 
 v.
 
 State of Ohio, No. 21483, by agreement of counsel, were presented and argued together, and, in view of the fact that such cases involve the same question, will be considered and decided together.
 

 The sole question presented is whether or not the court of common pleas has jurisdiction in a criminal case, after conviction, to entertain a motion for a new trial upon the ground of newly discovered evi
 
 *45
 
 dence, filed at a term subsequent to tbe one in which the verdict was rendered.
 

 Criminal procedure in this state is regulated entirely by statute, and is found in Part 4, Titles 1 and 2, of the Code of Criminal Procedure (Sections 12368 to 13764, General Code, inclusive). The section of the Code under consideration is 13746, which provides as follows: “The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, and, except for the cause of newly discovered evidence material for the person applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be filed within three days after the verdict was rendered unless unavoidably prevented.”
 

 The construction of the section of the General Code in question has been before the lower courts of this state, including the Circuit Court and the Court of Appeals, upon several occasions, as to the right to grant a new trial for newly discovered evidence, when the application is made after the term at which the verdict is rendered. One of these cases,
 
 Evans
 
 v.
 
 State,
 
 being an error proceeding to the Circuit Court of Lucas county, was affirmed in this court without report, 68 Ohio St., 700, 70 N. E., 1119. The precise question does not appear to have been briefed in this court. It was, however, considered and decided by the Circuit Court, and appears in its opinion.
 

 In all the cases we have been able to find in the courts of this state, the universal construction of the statute in question is that the courts are without jurisdiction to grant a new trial for newly discovered evidence, filed after the term at which the ver
 
 *46
 
 diet was rendered. It seems to be tbe policy of tbe law that the matter shall be concluded by tbe action taken at tbe term. If a motion could be filed after term, it might be filed at any time, no matter bow remote from tbe time of tbe trial, after tbe state’s witnesses bad disappeared, or been scattered, or perhaps died, so that tbe state might be at a great disadvantage in a new trial. If it should develop that a person is wrongfully convicted, be is not without remedy, for tbe executive department of tbe government, upon proper showing, has full power to grant a pardon, parole, commutation of sentence, or such executive clemency as is authorized by law and justified by the facts in tbe case.
 

 Whatever the reasons of the Legislature in passing the act may have been, ours is a government of laws, and courts must take the law as they find it; and, if a change is to be made, the same must be made by the Legislature and not by the courts. ‘ ‘ To declare what the law is, or has been, is a judicial power; to declare what the law shall be, is legislative.”
 
 Ogden
 
 v.
 
 Blackledge,
 
 2 Cranch (6 U. S.), 277, 2 L. Ed., 276.
 

 Our opinion is that tbe courts below were right in reaching tbe conclusion that, under tbe statute, Section 13746, General Code, the trial courts were without jurisdiction to grant a new trial on tbe ground of newly discovered evidence when tbe motion therefor was filed at a term subsequent to tbe one at which the verdict was rendered. Tbe judgments of tbe courts below in both cases will therefore be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Jones, Matthias and Day, JJ., concur.