## NOCAR v FILMORE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided September 23, 1929

Messrs. Sacharow, Sacharow & Sacharow, Cleveland, for Nocar.

Messrs. Fuerst & Brown, Cleveland, for Filmore.

SULLIVAN, J.

An effort is made by counsel for plaintiff in error to have this court order the affidavits made a part of the bill of exceptions and the section of the General Code relied upon as authority for such action is No. 11572-A.

Under section of the General Code 11572-A in Schneider vs. McIntosh ,the court corrected the misspelling of the name of the victim of a homicide. This case is found in Long v. State, 109 OS. 77 and we find that under the same section that provisions for the amendment to bills of exception is a remedial statute which is to be liberally construed and the bill of exceptions may be amended by striking therefrom an incorrect statement and substituting therefor a correct statement. We do not find any such situation as any of the above cited, appearing in the record because it is not a question of accident or error.

For the same reason, under the section above quoted, the question could not be remanded for correction to the court of common pleas. Each court seems to have concurring power under the statute. There is nothing in the record to show that the elmination in the bill of exceptions was by accident or error. There is no showing of any kind in the record or out of it as to the reason why the affidavits are not attached to the bill of exceptions. Under the statute the reason would have to appear before the court could apply the statute, if the reason was sufficient foundation for the requisition of the statute.

Whether counsel, as often happens, did not think it necessary to incorporate the affidavits as part of the bill of exceptions or whether it was by reason of neglect, or whether it was because of misinterpretation of the statute, is not apparent. It is clear, however, that there is no record that it was because of accident or error. Therefore we are powerless to grant the request of learned counsel for plaintiff in error because of the statute and the absence of the record justifying the action prayed for.

Under such a status this court must presume as a matter of law, that the court acted on sufficient grounds, and according to law, because the contrary does not affirmatively appear as is laid down in Prescott vs State, 19 OS. 184; McHugh vs State 42 OS. 154; Koch v. Hotel Co., 13 C. C. (NS) 163, and Dallas v. Fernau, 25 OS. 635.

In the case of Long v. Cassiero, 105 OS. 125, it appears to be conclusive that our position is correct.

We also add the following citations:

Sleet v. Williams, 21 OS. 82.

Schultz vs State, 32 OS. 276.

In **Montgomery v. Slate, 12 C. C. 879,** and **Henning v. Barts, 1. C. C. (NS) 389,** it is laid down in corroboration of our views herein that reveiwing courts cannot consider facts in support of motions unless they are made a part of the bill of exceptions. The record in this case as certified by the lower court is the only record which can be considered and if vital material is absent upon this record which forms the basis of judging of errors of the trial court there is no way to grant the relief that is prayed for. The record signed by the judge is the only record that can be considered, as is laid down in **State v. Young, 77 OS. 529,** and recently affirmed in **Konigsberg vs Lamports Co. 116 OS. 640.**

Thus holding we are without authority to change the record or order the court below so to do, for the reasons herein given, and hence the judgment of the lower court upon the question raised is hereby affirmed.

Vickery, PJ, concurs. Levine, J, not participating.