## O'NEILL et v BARTLETT et

Ohio Appeals, 4th Dist, Washington Co

Decided June 1, 1936

Asa E. Ward, Marietta, and E. F. Folger, Marietta, for plaintiffs in error.

Mrs. A. A. Schramm, Darietta, and Charles D. Fogle, Marietta, for defendants in error.

## OPINION

By BLOSSER, J.

Emma Bartlett and others instituted this action in the Court of Common Pleas against Charles T. O'Neil and others to contest the validity of a paper writing purporting to be the last will and testament of Mattie B. Kauf, deceased. The verdict of the jury and the judgment which followed were in favor of the plaintiffs and the defendants thereupon prosecuted error to this court.

During the oral presentation of the case counsel for the plaintiffs in error urged in the closing argument that there is prejudicial error in the general charge of the court to the jury wherein it is stated:

"* * * and before you would be entitled to render a verdict for the plaintiffs in this case setting aside the will you must be able to find that the evidence adduced by the contestants, the plaintiffs herein, outweighs the evidence adduced by the defendants and also meets the presumption arising from the order of probate admitting the will to probate * * *."

The objectionable part of the charge quoted is in the use of the word "meets." It was held by this court in the case of Mary Lopham et v Laura Barnes et, Washington County, decided April 10, 1933:

"Where one has the burden of proof and is confronted by a presumption he must overcome such presumption by a preponderance. * * * **Kennedy v Walcutt, 118 Oh St, 442.** In the general charge, however, the court charged that it was sufficient if the

contestants met the presumption. This was erroneous."

Counsel for the defendants in error thereafter filed a motion asking leave to amend the bill of exceptions by substituting a correct copy of the general charge for the reason that the general charge as appears in the bill of exceptions is not the true and correct charge as given by the trial court to the jury, and attached to this motion is what is claimed to be a correct copy of the general charge and also statements of the trial judge and official shorthand reporter in support of the motion to amend. The word "meets" is omitted from the copy of the general charge attached to this motion. Thereafter the plaintiffs in error filed a motion to strike from the files the motion of the defendants in error to amend the bill of exceptions for the reason, in substance, that there is no legal authority for granting the relief asked for in the motion to amend.

The motion of the plaintiffs in error to strike from the files the motion to amend was presented on oral arguments and will be first disposed of.

The motion to amend the bill of exceptions is founded on §11572-a, GC, which is as follows:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

It has been uniformly held that this is a remedial statute and must be liberally construed. The language of the section has not been confined to the narrow limits of only permitting amendments to bills of exceptions where there is an omission therein but it has been held to permit the correction of any mistake occurring through accident or error. Clarke v State, 119 Oh St, 162, 162 NE, 429; Trumpler, Admr. v Royer, 18 Oh Ap, 151; 2 Ohio Jurisprudence, 521. The first case cited also holds that the amendment may be permitted at any stage in a proceeding in error. In the case of Mabel Lewis v State, Ross County, decided January 21, 1921, a liberal construction was given by this court to the section in question. It follows that under the authorities cited the motion of the plaintiffs in error to strike the motion to amend from the files must be overruled.

On the hearing of the motion for leave to amend the bill of exceptions the defendants in error offered the deposition of the trial judge and called as a witness the official shorthand reporter who reported the proceedings of the trial and compiled the bill of exceptions. The testimony of the trial judge is that his notes from which the charge was delivered to the jury shows the word "meets" omitted therefrom and that the word was not included in the charge in question to the jury. The testimony of the official shorthand reporter is in substance that her shorthand notes of the general charge of the court do not contain the word "meets," that she believes her shorthand notes of the charge are correct and that she could not explain how the typewritten copy of the general charge in the bill of exceptions was not the same as the shorthand notes. No testimony was offered to contradict the testimony of the trial judge and reporter. There is therefore before this court all of the apparent essential requirements of the section, that is, there is a showing that there is a mistake in the general charge contained in the bill of exceptions and that it occurred through accident or error. Under this state of facts and the authorities cited there is nothing for this court to do except either correct the bill of exceptions in the particular mentioned or remand it to the trial court for such action by that court as is necessary to cause the bill of exceptions to present a true and correct record. It is our conclusion that the better procedure is to remand the bill of exceptions to the trial court. The motion to amend the bill of exceptions asks that a correct charge be substituted for the charge now in the bill of exceptions. It is our conclusion that this is not the proper procedure in this case and that the trial judge should correct the charge now in the bill of exceptions and indicate by marginal notation what is done, if anything, to cause the bill of exceptions to present a true and correct record in the particular mentioned. Trumpler v Royer, supra, page 153.

Counsel for the plaintiffs in error have urged that the case of Nocar v Filmore, 7 Abs 598, 30 O.L.R., 455, is controlling and furnishes authority that an amendment of the bill of exceptions can not be had in this case. The facts in that case and the instant case are easily distinguished. The amendment of the bill of exceptions in the Nocar case was refused for the reason that there was nothing in the record to show

that the affidavits omitted from the bill of exceptions and sought to be attached by amendment were omitted because of accident or error. The undisputed testimony offered by the defendants in error in this case shows that the word "meets" appears in the charge in question by a mistake occurring through accident or error. Most of the other cases cited by counsel for plaintiffs in error were decided prior to the enactment of §11572-a, GC, and are therefore not applicable, and the other authorities cited are distinguishable from the instant case.

The bill of exceptions will be remanded to the trial judge for further proceedings in connection therewith as are provided by law.

Decree accordingly.

MIDDLETON, PJ, and McCURDY, J, concur.