## JALENCIS v KALILL & JACKSON CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16416. Decided Nov 22, 1937

Harrison & Marshman, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellant.

GUERNSEY, PJ, CROW and KLINGER, JJ, (3rd Dist) sitting by designation.

### OPINION

By GUERNSEY, PJ.

This is an action for damages for personal injuries, brought by Carl Jalencis, a minor, against The Joseph Kalill and Jackson Company, in the Court of Common Pleas of Cuyahoga County, Ohio.

At the close of plaintiff's evidence in the trial court the defendant moved for a directed verdict in its favor, which motion was overruled, and then renewed at the close of all the evidence and again overruled. The jury then returned a verdict in favor of the defendant. A motion for

new trial was filed by plaintiff upon the grounds, among others, of misconduct of a juror in his voir dire examination and newly discovered evidence. This motion was granted. This is an appeal on questions of law from the order granting the motion for new trial and from the orders overruling motions of the defendant for a directed verdict in its favor.

The bill of exceptions filed herein contains only the evidence introduced on behalf of plaintiff on the trial of the action although it affirmatively shows that evidence was also introduced on behalf of the defendant on such trial. The bill of exceptions also contains the deposition of a juror, offered in evidence on the motion for new trial, but does not show that the deposition was all the evidence offered.

In his brief filed herein, a copy of which was served on appellant's counsel at the time this cause was argued in this court on October 28, 1937, the appellee argues that the claimed error in the overruling of the motions for a directed verdict cannot be considered by this court in the absence of a bill of exceptions showing all the testimony on the trial of the action in the Common Pleas Court, and the claimed error in the granting of the motion for new trial is likewise not subject to consideration in this court in the absence of a bill of exceptions showing all the evidence and affidavits submitted on the hearing of said motion.

On the same day this cause was argued in this court and following the argument and before any decision had been rendered herein, the defendant appellant filed its motion herein for

"an order to diminish the record herein by the addition of all of the omitted proceedings in the court below, including omitted exhibits, affidavits and depositions."

and thereafter filed the affidavit of John H. Yakle of counsel for defendant appellant in support of said motion.

In such affidavit the affiant John H. Yakle says he is associated with the firm of McKeehan, Merrick, Arter & Stewart, attorneys for the Joseph Kalill & Jackson Company, defendant appellant herein; that at the time the deposition of George Pegg was taken after the trial of the within cause and before the motion for new trial was argued, counsel for plaintiff said nothing about having said deposition written out, and in fact affiant did not know that said deposition had been filed until

after the oral argument of this cause in this court on October 28th; that affiant ordered the court reporter to write out the bill of exceptions and to include therein everything transpiring at the trial and everything filed after the trial except that the evidence introduced by defendant at the trial was not to be included.

Affiant further says that the brief of plaintiff appellee was not handed to him until after he made his opening argument in this court, and that he did not know until opposing counsel made some reference to another deposition that another deposition had been filed, and that he did not know that there was anything which had been filed after the trial which had not been included in the bill of exceptions in accordance with his previous instructions to the court reporter.

Affiant further says that besides the deposition of George Pegg the affidavits of Emmett A. Pedley and Charles M. Krieg were filed and that both of said affidavits deal with certain matters claimed by plaintiff appellee to constitute newly discovered evidence, and that said affidavits had no bearing whatsoever on the alleged misconduct of a juror.

Affiant further says that the omission of the deposition of George Pegg and of the affidavits of Pedley and Krieg from the bill of exceptions was wholly and solely through accident and error.

The court reporter who reported the trial was a Mr. B. T. McPeak who was employed in the office of Mr. Franklin H. Farasey, and subsequent to the filing of the above mentioned affidavit, a copy of a letter written by the affiant Yaple to Franklin H. Farasey under date of July 15, 1937, containing instructions with reference to the preparation of the bill of exceptions in the case, together with a copy of a letter under date of November 10, 1937, from the affiant Yaple to Marvin C. Harrison of counsel for appellee, with reference to the instructions given by affiant to Farasey and McPeak with reference to the bill of exceptions were submitted to this court for consideration in connection with said motion. These letters are in the words and figures following, to-wit:

"June 15, 1937

"Mr. Franklin H. Farasey

"Terminal Tower

"Cleveland, Ohio.

"Re: Carl Jalencis etc v Joseph Kalill & Jackson Co. Common Pleas No. 374926.

"Lest I forget, let me now say that the

notice of appeal was filed in the above case yesterday, which I think brings the last day for the filing of the bill of exceptions in this case on August 3rd. I am not sure just yet how much we want to include in the bill of exceptions. However, if you have not heard from me by Monday, July 26th, as to how much I want you to include, will you please call me on that date, and, if you find I have gone on my vacation and left no message for you, then please prepare the bill of exceptions in the above case to include all of the evidence and everything introduced or filed in the case, including all of the impaneling but omitting all of the evidence introduced on defendant's behalf. You will remember there was some evidence introduced by plaintiff by way of rebuttal. This of course should be included.

"There was also the deposition of a juror Richman. I am not quite sure about whether or not this deposition should be included in the bill of exceptions, but, in any event I want you to be sure that if it is decided to include it that it is made a part of the bill of exceptions proper.

"In any event, please do not start to write out the bill of exceptions until you hear from me, but if you have not heard from me by July 26th then proceed as indicated. In the latter event, I will leave it up to you to see that the bill of exceptions is in proper form and duly filed in time. And, in the latter event, please keep in touch with Mr. Daly about the filing of the bill of exceptions and let him know as soon as, and on what date, you do file the bill of exceptions.

"Thanking you in advance, I am,
"Yours sincerely,
"JLY:CM."

"November 10, 1937.
"Mr. Marvin C. Harrison,
"c/o Harrison & Marshman
"Guardian Building
"Cleveland, Ohio."
"Dear Sir:
"Re: Carl Jalencis v The Joseph Kalill & Jackson Company.

"In compliance with your request, I am pleased to give you the facts concerning the ordering of the bill of exceptions in the above case.

"I am attaching a copy of my letter to Mr. Franklin H. Farasey dated July 15, 1937, concerning the bill of exceptions. The court reporter who reported the trial was Mr. B. T. McPeak who was in Mr. Farasey's office. Subsequent to July 15th I discussed the matter of the bill of exceptions again with Mr. McPeak either over the telephone or in a personal conference. I told him to proceed with the bill of exceptions as outlined in my letter and stated further that the deposition of the juror Richman was to be included. I made no other suggestions or changes as to what should be or should not be included in the bill of exceptions. No other letters were sent to either Mr. Farasey or Mr. McPeak concerning the bill of exceptions although I think I did talk on the telephone on a second occasion with Mr. McPeak on some matter connected with the exhibits.

"I am enclosing three carbon copies of this letter together with three extra copies of the letter of July 15th in order that you may send one of each to the Judges of the Court of Appeals before whom this case was recently heard.

"Very truly yours
"John L. Yaple."
"JLY:C
::encls."

The determination of this "motion for diminution of record" involves the consideration of the provisions of §11572a GC, reading as follows:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

This is a remedial statute which is to be liberally construed.
**Trumpler v Royer, 18 Oh Ap 151.**
Accidents have been defined as:

"An event which takes place without one's foresight or expectation; an undesigned, sudden and unexpected event."

Webster's International Dictionary, Second Edition Error has been defined as:
"A mistake in judgment or deviation from the truth in matters of fact, and from the law in matters of judgment."

Bouvier's Law Dictionary, Rawle's Third Edition. It has also been defined as:
"An action involving a departure from truth or accuracy; a deviation from, or failure to achieve a right cause or standard; a mistake; as error in spelling, taste, etc."

Webster's International Dictionary, Second Edition.

It is clear from the notice of appeal, assignment of error and briefs of the appellant in the case at bar that it was its purpose and intention to cause sufficient of the record in the trial court to be brought before this court by way of bill of exceptions to demonstrate the errors complained of, and its failure so to do was an error, that is, a mistake in judgment, within the meaning of said §11572a GC.

While the appellant has not specified such error (mistake in judgment) as a ground for its motion for diminution of the record, such specification was not necessary to bring it to the attention of the court as it is apparent from the record.

It appears from the affidavit and copies of letters filed herein, that the omission of the deposition of George Pegg and of the affidavits of Pedley and Krieg from the bill of exceptions was through accident and error as the terms are used in said section.

As no decision had been made in this case at the time of the filing of the motion the granting of the motion will not prejudice any right the appellee may have in the premises and will serve the ends of justice by permitting the full presentation and adjudication of the assigned errors which may result in final judgment terminating the litigation between the parties.

For the reasons mentioned, the motion of the defendant for diminution of record will be granted, and the bill of exceptions will be ordered remitted to the Court of Common Pleas of Cuyahoga County for correction by the addition thereof of such evidence, exhibits, affidavits and depositions, offered or introduced on the trial of such action or on the hearing of the motion for a new trial as were omitted therefrom, and upon such correction being made, returned to this court.

We are aware that our decision is in direct conflict with the decision of the Court of Appeals of Cuyahoga County, in the case of **Emma Nocar v Walter A. Filmore**, No. 9932 in said court, decided September 23, 1929 (7 Abs 598).

We have not followed the ruling in said case for the reason that in our opinion the court failed to give proper effect to the word "error" appearing in said §11572a GC, and failed to give such section the liberal construction which should be given to it as a remedial statute.

CROW and KLINGER, JJ, concur.