THE STATE OF OHIO, APPELLEE, *v.* WESTFALL ET AL.,
APPELLANTS. (Two cases.)

(Nos. 3616 and 3617—Decided February 9, 1944.)

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. Bernard J. Roetzel,* for the motion.

*Mr. Ernest W. Teodosio* and *Mr. Stanley Denlinger,* contra in case No. 3616.

*Mr. O. H. Corvington* and *Mr. Stanley Denlinger,* contra in case No. 3617.

STEVENS, P. J. These two cases were consolidated for hearing by order of this court.

The defendants were tried together before the Court of Common Pleas and found guilty of assault and battery. After sentence and judgment, two appeals were taken, one (No. 3616) for part of the defendants, theretofore represented by one attorney, and the other (No. 3617) for the remainder of the defendants, theretofore represented by another attorney. At that time all

of the appellants engaged the services of another attorney.

There has been filed in this court a motion by the state to strike the bill of exceptions from the files, for the reason that said bill was not allowed and signed by the trial judge. The bill of exceptions was certified by the official court reporter.

There has also been filed in this court a motion by counsel for appellants Westfall, Gleason and Riggs, asking that the bill of exceptions be remanded to the trial court for correction and signature by the trial judge.

The other appellants — Akers, Burns, Cissne, Straugh and Debord—contend that the certification by the court reporter is the only approval necessary, but say that, in the event this contention be not sustained, they join in the motion of the first-mentioned appellants.

The motion of the state raises the question of the necessity of the trial judge's allowing and signing a bill of exceptions in a criminal case.

It must be remembered that criminal procedure in this state is regulated entirely by statute. *Weaver* v. *State,* 120 Ohio St., 44, 45, 165 N. E., 573.

Section 13445-1, General Code, in part provides:

"If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions or objections thereto *which the court shall sign* * * *." (Italics ours.)

Section 13445-2, General Code, in part provides:

"On the filing of a bill of exceptions or objections * * * [certain procedure shall be followed, and then] the clerk shall transmit said bill with all objections and amendments filed thereto, to the trial judge. Except as herein provided the rules established for taking bills of exception in civil cases shall govern in criminal cases. * * *"

Section 11571, General Code, provides:

"It shall not be necessary to cause an entry to be made upon the journal of the court of the settling, allowance, and signing of a bill of exceptions. The signature of the trial judge, or the other judge acting for him, in allowing, settling and signing it shall be sufficient evidence of such fact. Provided, however, that the signature of such judge may be dispensed with by agreement of the parties and when all the parties, individually or by their attorneys of record stipulate that the bill of exceptions is a true bill of exceptions, it shall be filed and considered as such without the signature of the judge. And provided, further, in cases tried in courts of record that the certificate of the official court reporter attached to the transcript of the testimony shall be sufficient verification of the bill of exceptions and the signature of the judge shall not be necessary unless within ten days after notice to the adverse party of the filing of such bill of exceptions that said adverse party file objection or amendment to such bill, in which case the said bill shall be submitted to the court for settlement as hereinbefore provided. And provided, further, that a bill of exceptions shall not be necessary in a case in which the entry of judgment shows that the case was tried on an agreed statement of facts and such agreed statement was filed with the papers in the case."

It is apparent that Section 11571, General Code, makes no express mention of the right of the official court reporter to certify a bill of exceptions in a criminal case. Such omission is significant when considered in connection with the express requirement of Section 13445-1, General Code, a section dealing with bills of exceptions in criminal cases, which in terms requires the bill to be signed by the court.

There being no express statutory authorization for the official court reporter to certify a bill of exceptions

in a criminal case, and there being the express requirement that a bill of exceptions in a criminal case be signed by the court, we conclude that there exists in the official court reporter no authority to certify a bill of exceptions in a criminal case. That authority is vested by statute solely in the court, and a mandatory duty is enjoined upon the court to sign a bill of exceptions when properly presented.

We come next to a consideration of the question as to whether the bill of exceptions, not having been signed by the court, may now be corrected upon application duly made therefor.

There appears to be no statutory time limitation within which a bill of exceptions, filed within the time limited by statute, may be corrected. In fact, a bill of exceptions in a criminal case has been remanded for correction by the Supreme Court of Ohio, and corrected by the trial court, after the case had been argued and submitted in the Supreme Court. *Clark* v. *State,* 119 Ohio St., 162, 162 N. E., 429. See, also, *Trumpler, Admr.,* v. *Royer,* 18 Ohio App., 151; *O'Neill* v. *Bartlett,* 53 Ohio App., 508, 5 N. E. (2d), 794.

The statute (Section 11572-*a,* General Code) provides:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

It seems clear that the failure of the trial court to allow and sign the bill of exceptions under consideration was the result of an erroneous belief on the part of the clerk of courts that the certificate of the official reporter was all that was required to make the document filed a true bill; hence said clerk's refusal to present said bill of exceptions to the trial court for signature.

Such being the case, there was an omission in the bill, occurring through error, and this case is thus brought within the purview of the above remedial statute.

The statutes dealing with bills of exceptions treat the document filed with the clerk of courts, as a bill of exceptions, even before it has been approved and signed by the court.

So, in this case, we are of the opinion that this purported bill of exceptions is, for the purpose of amendment, a bill of exceptions, susceptible of correction in conformity with the provisions of Section 11572-a, General Code.

Where a clerk of courts erroneously fails or refuses to transmit a bill of exceptions in a criminal case to the trial court for allowance and signature, said court is not thereafter disabled to sign said bill, but may properly do so, even after term, and this is especially true where said signing is required by order of a reviewing court.

It is accordingly ordered that this bill of exceptions be remanded to the clerk of courts, with instructions that it be submitted to the trial court for correction, and, when corrected to conform to the proceedings had before said court, or when, by the court, found to be a correct bill of said proceedings, said court is instructed to sign the bill of exceptions, in accordance with the provisions of the statutes.

Motion to strike bill of exceptions from the files, overruled. Motion to remand bill to trial court for correction, sustained.

*Judgment accordingly.*

WASHBURN and DOYLE, JJ., concur.