ARROW ALUMINUM CASTINGS CO., APPELLANT, *v.*
THOR MOLD & MACHINE CO., APPELLEE.

(No. 4074—Decided February 1, 1950.)

*Mr. Martin H. Wilkinson* and *Mr. Russell G. Wood,* for appellant.
*Messrs. Roby & Arenson,* for appellee.

HUNSICKER, J.   In this appeal on questions of law, the sole question presented is, Did the trial court have the power to entertain a motion to correct the bill of exceptions in the instant case without an order of remand from this Court of Appeals, during the time in which the case was pending in this court pursuant to a perfected appeal and subsequent to its presentation on the merits but before judgment?

The facts disclose that the litigation herein involved was tried to final judgment in the Court of Common Pleas; appeal was perfected to this Court of Appeals; pursuant to the appeal, a bill of exceptions was prepared and filed in the Court of Common Pleas, under authority of Sections 11565 and 11566, General Code; a hearing was held in that court on objections to the said bill, at the conclusion of which the court corrected the bill by the inclusion of a stipulation of counsel

made during the trial; the court thereupon allowed and signed the bill, and it was transmitted to the office of the clerk from whom it was received; the bill was then filed in the Court of Appeals; the case was then set for trial and heard in the Court of Appeals, but before final judgment was entered, counsel for the appellee (The Thor Mold & Machine Co.) filed a motion in the Court of Common Pleas, to delete from the bill of exceptions the very stipulation of counsel which the trial court had on previous hearing ordered included; the Court of Common Pleas sustained the motion and ordered the stipulation deleted.

The question now before this court is whether, under these circumstances, the trial court erred in its order. There was no remand for such purpose by this court under the provisions of Section 11572-*a*, General Code.

Broad powers of amendment of pleading, process or proceedings have been granted a trial court by virtue of Section 11363, General Code, but this section does not apply to the situation which confronts this court.

Section 11572-*a*, General Code, reads as follows:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

This section provides a method for the correction of errors in a bill of exceptions when a matter is before the reviewing court.

We have found no case directly in point. There are many cases in which the subject of correction of a bill is touched upon, but the errors have been clerical and the duty of correction ministerial. Corrections which have involved substance have been as the result of a remand or agreement of the parties.

On a matter of procedure as important as that before us, there should be announced a rule of general application, which we hereby state. The power to order the correction of a bill of exceptions or remand to the trial court for such purpose, where the case is awaiting a determination by the reviewing court, is a power to be exercised only by such reviewing court under Section 11572-*a*, General Code.

The power to provide for the order of correction of a bill of exceptions under the situation presented herein, should lodge in one court only and not be divided between the trial court and the reviewing court.

We, therefore, determine that, where a cause is pending in a reviewing court, awaiting determination by such court after having been orally argued and submitted, and where a bill of exceptions has been filed in such reviewing court as a part of said cause, the trial court does not have the power to order the bill of exceptions to be corrected without an order of remand for such purpose by the reviewing court.

This court in the case of *State* v. *Westfall,* 74 Ohio App., 523, at p. 526, 60 N. E. (2d), 188, said:

"There appears to be no statutory time limitation within which a bill of exceptions, filed within the time limited by statute, may be corrected. In fact, a bill of exceptions in a criminal case has been remanded for correction by the Supreme Court of Ohio, and corrected by the trial court, after the case had been argued and submitted in the Supreme Court. *Clark* v. *State,* 119 Ohio St., 162, 162 N. E., 429. See, also, *Trumpler, Admr.,* v. *Royer,* 18 Ohio App., 151; *O'Neill* v. *Bartlett,* 53 Ohio App., 508, 5 N. E. (2d), 794."

The Supreme Court of Ohio has stated in the case of *Elser* v. *Parke,* 142 Ohio St., 261, paragraphs 1 and 2 of the syllabus:

"1. Before an appellate court may remand a bill of

exceptions to a trial court for correction upon application made under Section 11572-*a*, General Code, a showing must be made that an omission in such bill occurred through accident or error.

"2. Where the application for diminution of a bill of exceptions states that it is made after the appellate court had granted a rehearing and for the purpose of supplying the appellate court with grounds for reversing the judgment of the trial court, the granting of such application is erroneous."

The judgment of the trial court is contrary to law and prejudicial to the rights of the appellant. The judgment of the trial court is reversed, and, there being no dispute as to the facts of this controversy, the bill of exceptions is ordered to stand as presented to this court in the original action, being cause No. 4033 in this court.

*Judgment reversed.*

STEVENS, P. J., and DOYLE, J., concur.