WILLIAMS ET AL. V. BARRETT ET AL.

1. **Promissory Note:** PAYMENT: INSTRUCTIONS. Instructions upon the subject of payment and the effect to be given to certain evidence considered and held erroneous.

2. ——: MORTGAGE: ALTERATION. Where the surety and indorser of a promissory note alleged as a defense thereto that a mortgage was given by the principal to secure the note, from which the description of a certain tract of land was erased by agreement between the holder of the note and the mortgagor to enable the latter to sell the land to an innocent purchaser, it was held that an instruction charging the jury that, as the land was sold by the mortgagor before the mortgage was recorded, the consent of the indorser and surety to the erasure became immaterial, was erroneous.

3. **Evidence:** TRANSACTIONS WITH DECEDENT: PARTY. The testimony of a party as to transactions between himself and one since deceased are incompetent under the provisions of section 3639 of the Code, though the party has, in fact, no interest in the issue upon which such testimony bears.

*Appeal from Allamakee District Court.*

FRIDAY, DECEMBER 12.

ACTION upon a promissory note, executed by the defendants John T. Clark and O. M. Barrett as makers, and payable to the order of the defendant O. J. Clark. O. J. Clark indorsed the note to H. S. Weiser, now deceased, and waived demand and notice of non-payment. The plaintiffs are the administrators of the estate of H. S. Weiser.

John T. Clark answered, admitting the execution of the note, and averring that the same was fully paid in the life-time of H. S. Weiser. O. M. Barrett answered that he executed the note as surety for John T. Clark, of which fact Weiser had notice when he received the note from O. J. Clark. That there was executed and delivered with said note, and as security for the payment thereof by John T. Clark, a mortgage upon certain tracts of land; that O. J. Clark received said mortgage with said note and transferred the same to Weiser, and that after receiving the said note and mortgage the said Weiser, without the knowledge or consent of this defendant, released

one of the tracts of land by erasing the description thereof from the mortgage and giving the mortgagor the right to dispose of the same; that the property released was of sufficient value to pay said note, and that the other mortgaged property was of little or no value. Barrett also pleaded payment of the note.

O. J. Clark averred that the note was a mere accommodation upon his part, made for the purpose of obtaining a loan of money from Weiser to John T. Clark and O. M. Barrett. He also pleaded payment, and that he indorsed and guaranteed the payment of the note upon the faith of the mortgage given by John T. Clark to secure the payment, and he averred the alteration of the mortgage by Weiser without his knowledge or consent, and the permission of John T. Clark to sell and dispose of the property released from the mortgage to innocent parties. O. J. Clark also averred that Weiser willfully neglected to record said mortgage, and thus permitted John T. Clark to sell the mortgaged property to innocent parties. All of the defendants claim that John T. Clark deposited with Weiser a number of notes as collateral security for the note in suit, and that Weiser has never accounted for the amount collected by him upon said collaterals.

There was a trial by jury; verdict and judgment for the plaintiff. Defendants appeal.

*J. T. Clark*, *O. J. Clark*, and *Brown & Wellington*, for appellants.

*E. E. Cooley*, for appellee.

ROTHROCK, J.—I. Objections are made by counsel for appellee, that the exceptions taken upon the trial and the assignment of errors are not sufficiently specific. Without referring to these objections in detail, it is sufficient to say that such exceptions and assignments of error as we have found it necessary to determine, are sufficiently made. We may remark that where exceptions are taken to instructions to the jury at the time they are given, the ground of the exception need not be stated.

II. The court instructed the jury upon the question of payment as follows:

"*Second.* The only question for you to consider and determine in this case under the issues and evidence is, has the note been paid? and on that question the burden is on the defendants to satisfy you by a preponderance of evidence that the note was paid.

1. PROMISSORY note: payment: instructions.

"*Third.* Evidence has been offered by defendants tending to show that some delay occurred in demanding payment and bringing suit for the collection of the note, and also tending to show that plaintiffs made settlements with Barrett, John T. Clark, John T. Clark & Co., and Orlando Clark in their individual or company capacity, after the note became due, and also paid money to some of them without payment of the note in suit. You are instructed that the delay in demanding payment, or in bringing suit to enforce the collection of the note, or such settlements, or payments to defendants, raise no legal presumption that the note has been paid.

"*Fourth.* The jury are further instructed that the letter from Weiser to Barrett, or the statement of account of Weiser to Barrett, furnish no presumption against plaintiffs that the note in suit has been paid."

There was evidence that the note became due some nineteen months before Weiser's death; that he was a banker and a prompt collector of debts due to him, and a careful and prudent business man. There was also evidence to the effect that after this note became due there were settlements with the defendants, as recited in the instructions, and payments of money made to defendants.

Now while it is true these circumstances and others which were in evidence do not of themselves raise a presumption of payment, yet they are proper facts to be taken into consideration by the jury in determining the question whether the note was paid. The instructions upon this question are erroneous because they do not properly state to the jury the force and effect of these circumstances. There was also error in refusing the instructions asked by the defendants upon the question. It may be that they are prolix and recite the facts and circum-

stances relied upon with more particularity than necessary, but the effect of refusing them wholly, and giving those above set out, was to practically take their consideration from the jury.

III. It appeared in the evidence that O. J. Clark was an accommodation indorser, and that Barrett executed the note

2. ——: mortgage: alteration. as surety for John T. Clark. The mortgage was given to O. J. Clark, and by him transferred to Weiser. The court instructed the jury properly, as we think, that the failure of Weiser to record the mortgage did not dis-. charge Barrett, nor O. J. Clark, from liability as surety or accommodation indorser. But the court further instructed the jury that, as the property described in the alleged altered clause of the mortgage was sold and conveyed by John T. Clark to parties having no notice of the mortgage, it was immaterial for the jury to inquire whether the alteration (if made by Weiser) was so made with or without the consent of Barrett and O. J. Clark. We think this instruction was incorrect. The theory of the defense of Barrett and O. J. Clark, based upon the erasure of the description of the property from the mortgage, was, that it was done by reason of some arrangement between Weiser and John T. Clark. Conceding that there was no evidence showing that such was the fact, yet there certainly ought not to be a presumption that if Weiser made the alteration he made it without a purpose, and that John T. Clark would have conveyed the property to an innocent party whether the erasure had been made or not. We think it was a material question for the jury to determine whether the erasure was made by Weiser without the knowledge or consent of Barrett and O. J. Clark, and that the effect of the instruction under consideration was to say to the jury that John T. Clark would have conveyed the property to an innocent party without this erasure having been made, simply because the mortgage was not recorded. There was evidence tending to show that there was no erasure in the mortgage when it was in the possession of O. J. Clark, and by him delivered to Weiser. John T. Clark is now insolvent. The parties who were his surety and accommodation indorser had the right to

expect that Weiser would hold the mortgage for their protection as well as his own.

IV. There is one other alleged error which, in view of a new trial, it is proper we should determine. John T. Clark, in

**3. EVIDENCE: transactions with decedent: party.** his testimony given upon the trial, stated that the erasure was made in the mortgage in Weiser's bank; that Weiser made it at the instance of said Clark, and that he (Clark) then deeded the property to a church. Upon a motion being made the testimony was excluded.

We think this ruling was correct. Counsel for appellant· contend that the witness was competent because he had no interest whatever in the question as to the release of Barrett and O. J. Clark by reason of the erasure; that the erasure did not in any manner affect the liability of the witness. This may be conceded, but the language of section 3639 of the Code is plain and explicit that "*no party* to any action or proceeding, nor any person interested in the event thereof * * * shall be examined as a witness in regard to any personal transaction or conversation between such witness and a person at the commencement of such examination deceased, * * * * against the executor or heir at law * * * * of such deceased persons." The part of the section above quoted exclude two classes of persons: 1st, parties to the action; and 2d, any person interested in the event thereof. John T. Clark was a party to the action, and for that reason was disqualified as a witness to testify to personal transactions between himself and the deceased. We think the fact that the other defendants were not necessarily jointly liable with him, and that separate actions might have been maintained against the defendants, makes no difference. There was but one action on trial, and the witness being a proper party defendant therein was by the very terms of the statute incompetent to testify to the facts under consideration.

For the errors in the instruction to the jury, and refusing to give the instruction asked by defendants, the judgment will be reversed and the cause remanded for a new trial.

REVERSED.