SYDNEY S. ST. JOHN vs. JOHN F. LOFLAND.

Opinion filed October 28th, 1895.

**Competency of Witness—Payment to Deceased Administrator.**

> Section 5260, Comp. Laws, does not prohibit a party to an action from testifying in his own behalf to a personal transaction (in this case, payment) had with a deceased administrator, as against the successor of such deceased administrator, who sues to enforce, as part of the assets of the estate of the intestate, the claim which the party testifies he paid to the deceased administrator as administrator of the estate of such intestate.

Appeal from District Court, Steele County; *McConnell*, J.

Action by Sydney S. St. John, administrator of Albert C. St. John, against John F. Lofland. Judgment for defendant, and plaintiff appeals.

Affirmed.

*George Murray*, for appellant, contended that section 5260, Comp. Laws, extended its operation to transactions with the

deceased as administratrix, citing: *Boynton* v. *Phelps*, 52 Ill. 210; *Whitmere* v. *Rucker*, 71 Ill. 410; *Redden* v. *Junman*, 6 Ill. App. 55; *Waldman* v. *Crommelin*, 46 Ala. 580.

F. W. Ames, for respondent, cited: *Voss* v. *King*, 10 S. E. Rep. 402; *Morgan* v. *Bunting*, 86 N. C. 66; *Hedsbrant* v. *Crawford*, 65 N. Y. 107; *Sprague* v. *Bond*, 18 S. E. Rep. 701; *Lobdell* v. *Lobdell*, 36 N. Y. 326; *Palmateer* v. *Tilton*, 39 N. J. Eq. 40; S. C. 5 At. Rep. 105; *Hodge* v. *Corriell*, 44 N. J. L. 456; *Crimmins* v. *Crimmins*, 10 At. Rep. 800; *Lehigh, etc. Co.* v. *Cent. Ry. Co.*, 3 At. Rep. 147; *Wassell* v. *Armstrong*, 35 Ark. 247.

CORLISS, J. The decision of this case will turn upon the construction of Comp. Laws, § 5260. The action was to foreclose a mortgage given to secure a promissory note. The note and mortgage were executed by defendant. The consideration for the note was the sale to defendant by Lydia B. St. John, as administratrix of the estate of Albert C. St. John, of certain personal property, constituting a portion of the assets of such estate. The note and mortgage were both executed to such administratrix. Subsequently she died, and the plaintiff was appointed administrator of the estate in her place. The defense to the action is payment. To prove it, the defendant himself testified that he paid the note and mortgage to Lydia B. St. John, as administratrix, during her lifetime. This evidence was objected to as incompetent, under the provisions of Comp. Laws, § 5260. The objection was overruled, and the plaintiff excepted. The court having found on this evidence that the debt had been paid, judgment was rendered for the defendant. From this judgment the plaintiff has appealed. We think that the evidence was competent. The section referred to (5260) reads as follows: "No person offered as a witness in any action or special proceeding, in any court, or before any officer or person having authority to examine witnesses, or hear evidence, shall be excluded or excused, by reason of such person's interest in the event of the action or special proceeding; or because such person is a party thereto;

or because such person is a husband or a wife of a party thereto, or of any person in whose behalf such action or special proceeding is brought, opposed or defended, except as here-inafter provided: * * * (2) In civil actions or proceedings by or against executors, administrators, heirs at law, or next of kin, in which judgment may be rendered or order entered, for or against them, neither party shall be allowed to testify against the other, as to any transactions whatever with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party. But if the testimony of a party to the action or proceeding has been taken, and he shall afterwards die, and after his death the testimony so taken shall be used upon any trial or hearing in behalf of his executors, administrators, heirs at law, or next of kin, then the other party shall be a competent witness, as to any and all matters to which the testimony so taken relates." The extent to which this statute seals the lips of a party is with regard to "any transaction with or statement by the testator or intestate." The definite article "the" makes it certain that the testator or intestate referred to is the one whose executor or administrator is the party to the suit, and not any testator or intestate with whom the transaction has been had or by whom the statement has been made. But we are urged to broaden this statute by interpretation, on the theory that its true spirit demands an expansion of its literal meaning. If we were to do this, we must, if we would be logical and consistent, continue in the same line; and hence we would be compelled to hold that a transaction with a deceased agent was within the statute, for in that case, as in this, the surviving party would have the advantage of testifying without the possibility of his evidence being contradicted. So, where one of two partners had died, and the survivor, who, so far as the partnership assets are concerned, occupies a position very similar to that occupied by an administrator, should sue on a partnership claim, we would have to hold that a debtor of the firm could not in such action by the surviving partner swear to a payment made by him to the deceased

partner in his life time. This so-called "spirit" of the statute would embrace such a case also.

So far as a transaction with a deceased agent is concerned, there is express authority for the doctrine that, under such a statute as ours, the transaction may be proved by the testimony of the debtor. *Voss* v. *King*, (W. Va.) 10 S. E. 402. This whole argument that the letter of this law should be expanded to the dimensions of the spirit of the statute rests on a false assumption as to the spirit of this legislation. The general policy of the section is to make all persons competent witnesses. So far as the question of the extent of the limitations of that policy is concerned, the only way we can ascertain the scope of this limitation is by looking to the language in which that limitation is expressed. We cannot look beyond the language. We cannot say that it was the purpose of the legislature to exclude all evidence merely because the witness from whose lips it might fall would enjoy the advantage of testifying to a transaction with a deceased person, who on that account could not confront and contradict him. Statutes which exclude testimony on this ground are of doubtful expediency. There are more honest claims defeated by them by destroying the evidence to prove such claim than there would be fictitious claims established if all such enactments were swept away, and all persons rendered competent witnesses. To assume that in that event many false claims would be established by perjury is to place an exremely low estimate on human nature, and a very high estimate on human ingenuity and adroitness. He who possesses no evidence to prove his case save that which such a statute declares incompetent is remediless. But those against whom a dishonest demand is made are not left utterly unprotected because death has sealed the lips of the only person who can contradict the survivor, who supports his claim with his oath. In the legal armory, there is a weapon whose repeated thrusts he will find it difficult, and in many cases impossibe, to parry if his testimony is a tissue of falsehoods,—the sword of cross-examination. For these reasons, which lie on the very surface of this

question of policy, we regard it as a sound rule to be applied in the contruction of statutes of the character of the one whose interpretaion is here involved, that they should not be extended beyond their letter when the effect of such extension will be to add to the list of those whom the act renders incompetent as witnesses. There is ample authority for our ruling in the case. The decision of the court in *Palmateer* v. *Tilton*, (N. J. Err. & App.) 5 Atl. 105, is directly in point. Said the court in this case: "In the court below, Amos Palmateer was not permitted to testify for the purpose of proving the bargain for the sale of the land in question. It is admitted that the exclusion is not to be justified by the language of the statute which is applicable. This is its language: 'That in civil actions,' etc., 'any party thereto may be sworn and examined as a witness, notwithstanding the party may be sued in his representative capacity; *provided*, nevertheless, that this supplement shall not extend so as to permit testimony to be given as to any transaction with, or statement by any testator or intestate represented in said section.' It will be observed that this exclusive clause embraces only transactions with and statements by any 'testator or intestate.' In the present case a transaction with the executor of the testator was excluded. The case was supposed to be within the equity of the act; hence the rejection of the testimony. But the language of the act is clear and definite, and the result, if we adhere to the language, is entirely reasonable; and, this being the case, the judicial duty is one of interpretation only. The statute itself enumerates the cases in which the testimony is to be rejected, and no case can be added to that enumeration. If we attempt to leave the plain terms of the act, we enter into an undefined field of inference and conjecture. The regulution applies to the practice in the trial of causes, and it is important, therefore, that its limitations be clear. If, in the present instance, the statutory terms are to be disregarded, and the operation of the law extended, what is to be its reach? If a surviving contractor cannot prove by his own testimony a bargain made with the executor of the testator, could he

prove such a bargain if made with the agent of the testator, such agent having died? The two cases, with regard to the presumed equity, stand on the same plane; and yet to exclude the testimony in either case is obviously to do violence to the words of the act, in order to enact a rule which would conform to judicial notions, and this would be judicial legislation, pure and simple. 'We are bound,' said Mr. Justice Buller, over a century ago, 'to take the act of parliament as they have made it. A *casus omissus* can in no case be supplied by a court of law, for that would be to make laws.' *Jones* v. *Smart*, 1 Term R. 44." The same decision was made in *Wassell* v. *Armstrong*, 35 Ark. 247-274, under practically the same provision as section 5260. The language of the court in *Lobdell* v. *Lobdell*, 36 N. Y. 327, is in harmony with our reasoning in this case. The court said: "Although it may be said that a party standing in the relation in which he does ought to have been excluded, for he has the same advantage over the plaintiff, as a witness, as his father would have if living and standing as defendant, still, unless the section can be construed so as to exclude him, the legislature, and not the court, must rectify the omission. It will not suffice to say that the case is within the spirit of the enactment, unless a fair construction of the enactment will bring it within the enactment itself. The subject of the enactment is allowance of the parties to be witnesses in their behalf, and the object is to provide generally for their examination as witnesses, and, the specific exception to such examination the legislature having undertaken to provide, the courts cannot allow any that are not specified by the legislature." In fact, practically the whole drift of the adjudications is along the line of construction which we follow. See *Clapp* v. *Hull*, 29 Atl. 687; *Wood* v. *Stewart*, (Ind. App.) 36 N. E. 658; *Association* v. *Newman*, (Tex. Civ. App.) 25 S. W. 461; *Hayward* v. *French*, 12 Gray, 453; *Bellows* v. *Litchfield*, (Iowa) 48 N. W. 1063; *Johnson* v. *Johnson*, 52 Iowa, 590, 3 N. W. 661; *Voss* v. *King*, (W. Va.) 10 S. E. 402; *Sprague* v. *Bond*, (N. C.) 18 S. E. 701; *Hodge* v. *Correll*,

44 N. J. Law, 456; *Crimmins* v. *Crimmins*, (N. J. Ch.) 10 Atl. 800; *Goulding* v. *Horbury*, 85 Me. 227, 27 Atl. 127; *Newton* v. *Newton*, 77 Tex. 508, 14 S. W. 157; *Roberts* v. *Yarboro*, 41 Tex. 451; *McBrien* v. *Martin*, 87 Tenn. 13, 9 S. W. 201. The case of *Waldman* v. *Crommelin*, 46 Ala. 580, is undoubtedly an authority for plaintiff, but we do not regard it as sound, and it stands alone. The Illinois cases cannot be classed with it, as they were decided under a statute radically different from section 5260,—a statute so broad as to render a party incompetent from testifying in his own behalf as to any fact in a suit in which the adverse party is an executor, administrator, etc. Under such a statute, no question relating to a personal transaction could possibly arise. See *Boynton* v. *Phelps*, 52 Ill 210; *Whitner* v. *Rucker*, 71 Ill. 410; *Redden* v. *Inman*, 6 Ill. App. 55. Even if these cases supported the plaintiff's contention, we should adhere to the views we have expressed.

The judgment of the District Court is affirmed. All concur.