ROBERT NUGENT, Executor, Appellee, v. CHARLES F. DITTEL et al., Appellants.

No. 40929.

DECEMBER 16, 1931.

Hoersch & Hoersch and M. F. Donegan, for appellee.

Cook & Balluff and Chamberlin & Chamberlin, for appellants.

DE GRAFF, J.—This action of forcible entry and detainer was originally instituted in a Justice of the Peace court in Davenport, Scott County, Iowa, on October 11, 1928. The case was voluntarily transferred to the District Court of Iowa in and for Scott County. Prior to the trial, the plaintiff Minna Nugent died, and on March 27, 1929, Robert Nugent duly qualified as the executor of the estate of Minna Nugent, deceased, and was subsequently substituted as plaintiff in said cause.

The defendants Dittel and Edna Thomsen filed their answer to plaintiff's petition, alleging (1) a general denial, and (2) that during the month of September, 1924, Minna Nugent "made, executed, and delivered the real property in question to the defendant Edna Thomsen as an absolute unconditioned gift, and that in pursuance of said gift the said defendant Edna Thomsen took possession of said property and has made certain repairs and improvements thereon, and occupied the same without any objections on the part of the plaintiff, and that the absolute fee-simple title to said premises is in the defendant Edna Thomsen and that the plaintiff has no right, title or interest therein." The plaintiff filed a reply to the defendants' answer, denying each and every allegation of said answer. An amended and substituted reply was later filed, containing (1) a general denial and (2) a statement that no such gift as alleged by defendants was ever made by said Minna Nugent to the defendant Edna Thomsen, and that the allegations by which it is sought to establish such gift constituted an attempt to assert an oral contract for the creation or transfer of an interest in lands, and therefore such alleged contract and any evidence by which it may be sought to establish same is within the Statute of Frauds.

Several major propositions arise in this case: (1) Is the alleged parol gift of land within the Statute of Frauds, and does the evidence offered on behalf of the defendants disclose that substantial improvements have been made on the property in question by the alleged donee (defendant Edna Thomsen) after she took possession of the same under the alleged gift from Minna Nugent, and was the alleged gift made *in praesenti* and with the intent on the part of the donor to convey title? (2) Are the defendants, as witnesses called on behalf of the defense, competent to testify in this case, under the so-called dead man's statute, Section 11257, Code, 1927?

The real estate in question is described as Lot 10, Block 1, in Thomsen & Armil's Addition to the City of Davenport, Iowa, locally known as 602 W. 16th Street, Davenport, Iowa. The property was valued at approximately $5000. The decedent Minna Nugent acquired title to the above property under the will of Lena Schmidt, who died September 5, 1924. That title remained of record in Minna Nugent until her death.

I. It is the claim of the defendant Edna Thomsen that she became the owner of the premises in controversy by reason of an oral gift *inter vivos* from Minna Nugent. If this claim is sustained by the evidence, and further, that the donee Edna Thomsen, pursuant to said oral gift, made valuable improvements on said property, the Statute of Frauds (Section 11285, Code, 1927) has no application. Lembke v. Lembke, 194 Iowa 808; Hagerty v. Hagerty, 186 Iowa 1329; Pranger v. Pranger, 182 Iowa 639; Albright v. Albright, 153 Iowa 397; Sires v. Melvin, 135 Iowa 460; Bevington v. Bevington, 133 Iowa 351.

The defendants rely upon affirmative defenses, and, therefore, the burden is upon them to establish same. Truman v. Truman, 79 Iowa 506; Wilson v. Wilson, 99 Iowa 688; Farlow v. Farlow, 154 Iowa 647. It may be said at this time (waiving, for the moment, the question of the competency of the defendants as witnesses) that the alleged gift took place on September 12, 1924. The defendant Edna Thomsen's version of her conversation with Minna Nugent is:

"Edna, I want you and Charley (Dittel) to go up to Lena Schmidt's place. I can't do anything for one year, but at the end of a year, when the estate is settled, the home is yours."

Defendant Dittel's version of the conversation of Minna with Edna is substantially as follows:

"Edna, I am going to give you this home where Lena died in. You like it as a home so well I am going to give that to you, and at the end of the year (meaning the year of administration), the place is yours."

It is true that the defendant Edna Thomsen did take possession and occupancy of the property a short time before the end of the year, but this in itself does not prove a gift *inter vivos*. Runnels v. Anderson, 186 Iowa 1370. The change of possession and occupancy under the record evidence is just as consistent with many other theories as with the theory of a gift. Edna was the second cousin of Minna and the niece of Dittel. Edna did not pay rent to Minna, nor did Dittel pay rent to Edna during the occupancy of the home, nor did Minna attempt to disturb Edna's and Dittel's occupancy until August 28, 1928, when she caused a written notice to be served on the defendants, notifying them to vacate said premises on or before the first day of October, 1928. On the 2nd day of October, 1928, a notice was served on said defendants, requiring them to vacate said premises within three days from the date of the service of said notice. Upon the failure of the defendants to comply with said notices, the action in forcible entry and detainer was filed by Minna. Subsequently, and before the trial of said issue, Minna died.

We now turn to the evidence involving the claimed improvements on the property by the defendant Edna Thomsen. It is shown that the original plaintiff Minna Nugent repaired the roof and a furnace pipe. The improvements claimed to have been made by the defendants consisted of papering, varnishing, some painting, the planting of some shrubbery and perennials, and providing a gas connection for the laundry stove. The papering done was in two rooms downstairs, which required about eight single rolls for each room. Edna claims, altho she is not quite certain, that she paid 25c per roll. She claims to have varnished all the rooms once and one room twice, and that she used from three to five gallons of varnish. She claims to have painted one floor. She claims to have planted shrubbery and perennials, without stating how many, and also

to have made a gas connection for the laundry stove, without stating the cost thereof. The claim of the defendant Edna Thomsen being conceded, it must be borne in mind that she was paying no rent. Furthermore, the claimed improvements by Edna were not of a substantial nature, but temporary in character, to make the home more livable to her as an occupant. The improvements involve but trivial outlays. We conclude under this evidence that these improvements are not sufficient to bring the alleged oral gift within the exception to the Statute of Frauds. 28 C. J. p. 657. It may also be stated that there is no evidence that Minna Nugent had knowledge that the claimed improvements were being made. Minna Nugent paid the taxes upon the real estate, and when Edna discovered that the furnace pipe was not in proper condition, word was sent to Minna, who directed her husband to look after the installation of a new pipe, which was done at Minna's expense. When Edna found that the roof was leaking she sent word to Minna, who attended to the necessary repairs at her own expense. On or about May 1, 1926, the roof was again found to be leaking, and Minna was again called upon; and an entirely new roof was placed on the house, at the expense of Minna. Without further discussion of this line of evidence, we conclude that the claimed improvements by Edna are not sufficient to establish title in Edna under the claimed oral gift.

II. The second pertinent proposition involves the competency of the testimony of the two defendants as witnesses in this case, in the light of what is commonly known as "the dead man's statute." Section 11257, Code, 1927, provides:

"No party to any action or proceeding, nor any person interested in the event thereof, * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, * * * against the executor, administrator, heir at law, * * * of such deceased person * * *."

There can be no question, under this statutory provision, that both defendants Charles F. Dittel and Edna Thomsen were incompetent witnesses. The record shows proper objections and exceptions to their testimony. One of the parties, defendant Dittel, claims to have no interest in the outcome of the litigation.

This does not raise the bar of the foregoing statute. Williams v. Barrett, 52 Iowa 637; Burton v. Baldwin, 61 Iowa 283; Culbertson v. Salinger, 131 Iowa 307. The wisdom of the legislature in the enactment of the statutory provision above quoted is clearly demonstrated under the facts of the instant case. See Hart v. Hart, 181 Iowa 527, l. c. 530; Peck v. Foggy, 199 Iowa 922. Dittel himself testified as to the communication by Minna concerning the alleged gift as follows:

"Minna Nugent, Edna and myself were the only ones present at that conversation. The talk about the house came up in a general conversation between the three of us. The conversation about the house came up about an hour after we were up there. The talk about the house didn't last so long and was not again referred to that day. I cannot tell you the next time after September 12th that I heard Minna Nugent talk about the house. I know it was sometime after October 9, 1924, the date we moved into the house. I moved into the house with Miss Thomsen on October 9th, 1924. There is only one occasion after we moved into the house that I heard Minna Nugent talk about the house. The conversation was going on all around, and it was in this conversation, in which I was taking part, that this talk came up."

There is no other testimony bearing on the alleged gift except that given by the defendants, who, as shown under the statute, were incompetent to testify.

The alleged statements relied upon by the defendants do no more than to show an intent to make a gift at some future time, "at the end of the year." This is not sufficient to make a present gift. See Hagerty v. Hagerty, 186 Iowa 1329, 1332; Runnels v. Anderson, 186 Iowa 1370.

The trial court correctly interpreted the evidence and decided that the plaintiff executor was entitled to the possession of the said premises, with costs taxed to the defendants.—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.