[File No. 6016.]

FRED H. MILLER, as Administrator of the Estate of John Steiger, Deceased, Appellant, v. FIRST NATIONAL BANK OF LIN· TON, NORTH DAKOTA, a Corporation, Substituted, Respondent.

(242 N. W. 124.)

Opinion filed March 24, 1932.

*A. B. Atkins,* for appellant.
*Lynn & Lynn,* and *Richardson, Thorp & Waltam,* for respondent.

BURKE, J. This is an appeal from an order granting a new trial.

The action was brought by Frederick H. Miller, administrator of the estate of John Steiger, deceased, against the Northwest Life Insurance Company on an insurance policy on the life of the said John Steiger. The insurance company, by its attorney, filed an affidavit admitting liability and alleging that the First National Bank of Linton, North Dakota, claimed to have an assignment of the policy and had made demand upon said company for the amount due upon said policy. The insurance company deposited the amount due upon said policy with the clerk of court and the First National Bank of Linton was made defendant by substitution.

The only issue at the trial was the question as to whether there had been an assignment of the insurance policy to the defendant bank. There was offered and received in evidence an assignment of the policy, dated the 22nd day of May, 1928. The witness, who identified the signature of John Steiger on the assignment, also identified, on cross-examination, the signature of John Steiger on a promissory note dated December 28th, 1915 and his signature on a check dated October 26, 1917. The note and check were signed in German and the signature on the assignment was in English, the witness stating that Steiger sometimes signed his name in English and sometimes in German. The note was made thirteen years, and the check eleven years before the assignment. This is the entire evidence upon the subject of the assignment and the jury finding for the plaintiff, the court granted a motion for a new trial.

The principal errors assigned on the motion are the insufficiency

of the evidence to justify the verdict and errors of law in the admission of the testimony. The trial judge in his memorandum opinion states: "It appears to the court, from the record, that the jury, in order to reach the verdict which they did, must have absolutely ignored the evidence of the witness Lenhart, called as a witness for the defendant. The testimony of Lenhart, relative to the genuineness of the signature of the deceased, upon the assignment, is positive and direct. This evidence is not contradicted by any other witness. The witness, Lenhart, was unimpeached. Upon the whole record the court believes that this defendant should have a new trial."

An order granting a new trial on a discretionary ground will not be reversed unless there is an abuse of discretion. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690; Martin v. Parkins, 55 N. D. 339, 213 N. W. 574; Ogren v. Crystal Springs School Dist. 52 N. D. 455, 203 N. W. 324.

In the instant case we cannot say that there has been an abuse of discretion. The only evidence on the question of the signatures is the testimony of Mr. Lenhart. He recognized all three of the signatures as the signatures of John Steiger. He states that sometimes he signed his name in German and sometimes in English and his testimony is all the testimony there is on the subject. The trial judge did not pass upon the questions of law, for the reason, he says, in another trial the case might be tried by another judge, but since there must be another trial we deem it necessary to pass upon one question of law, which is sure to come up in the next trial. In the alternative motion for judgment or for a new trial, the defendant specifies as error the sustaining of an objection to the testimony of J. D. Meier, on the ground and for the reason, that the said witness was an agent of the defendant bank and was incompetent as a witness under subdivision two of § 7871, Compiled. Laws, 1913, which reads "In any civil action or proceeding by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party."

It is the contention of the respondent that this section only applies to actions in which the estate has an interest and that the estate of the deceased has no interest in the result of this action, as the proceeds of the policy are no part of the estate.

This statute was strictly construed by this court in the case of St. John v. Lofland, 5 N. D. 140, 64 N. W. 930, the Court said "The extent to which this statute seals the lips of a party is with regard to 'any transaction with or statement by the testator or intestate.' The definite article 'the' makes it certain that the testator or intestate referred to is the one whose executor or administrator is the party to the suit." In other words, the personal representative of the deceased. Referring to the entire statute upon the subject of which the above quotation is an exception, the Court said: " 'The subject of the enactment is allowance of the parties to be witnesses in their behalf, and the object is to provide generally for their examination as witnesses, and, the specific exception to such examination the legislature having undertaken to provide, the courts cannot allow any that are not specified by the legislature.' In fact, practically the whole drift of the adjudications is along the line of construction which we follow." First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213; Alexander v. Ransom, 16 S. D. 302, 92 N. W. 418; Hanson v. Fiesler, 49 S. D. 442, 207 N. W. 449.

The first question is then, Is this an action by the administrator, as the personal representative of the deceased, John Steiger? Before letters of administration are issued to an administrator he must, under § 8685, Compiled Laws 1913, give a bond to the State of North Dakota, conditioned for the faithful discharge of all duties of the trust imposed on him by law or by order of the court. The amount of this bond is regulated by the value of the estate.

Under § 8707, Compiled Laws 1913, the administrator is entitled to the possession of all the real and personal property of the decedent, except property that is exempt, which he must protect from waste, collect the rents and profits, and the debts and demands of every description due to the decedent or accruing to the estate.

Under § 8714, Compiled Laws 1913, he must, within thirty days after his appointment make and return to the county court a true

inventory and appraisement of all the real and personal property of the decedent which has come to his knowledge, including a list of bonds, mortgages, notes, book accounts and other securities and the property inventoried shall be classed under several heads as follows: (1) The real estate, with a statement showing what portion, if any, is occupied or claimed as a homestead. (2) All the personal property, money included, which is supposed to be exempt distinguishing between such as is deemed absolutely exempt and other property. (3) All other property not above specified.

Under § 8715, Compiled Laws 1913, the inventory must be signed by the executor or administrator, who must take and subscribe thereon his oath before an officer authorized to administer oaths that the inventory contains a true statement of all the estate of decedent which has come to his knowledge and possession and particularly of all money belonging to the decedent and of all just claims of the decedent against the affiant.

It appears clearly from these sections that all the property belonging to the estate, of every kind, nature and description, must be inventoried, preserved and accounted for in the county court of probate. If any property comes into the hands of the administrator, which is not the property of the estate, it is clear that it should not be inventoried as the property of the decedent and it seems equally clear that in the disposition of such property by the administrator, he is not acting as the representative of the deceased, for he only acts as the representative of the deceased in the distribution of the estate left by the decedent. The disposition of the avails of a life insurance policy, coming into the hands of an administrator, is taken care of by § 8719, Compiled Laws 1913, which provides that "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent." This is a special

statute which does not relate to the estate or the property of the decedent.

In the case of Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, the decedent held a life insurance policy payable, in case of death, to his estate. The administrator collected this policy. The Court said: "The only question is, Who should the policy pass to and shall it be burdened with debts or not? If made to the heirs in name it would certainly not have been burdened with the debts of the deceased. All Section 8719 provides is that if made payable to them by the general term 'heirs' or made payable to 'the representatives' or 'estate,' it shall in like manner be considered a trust fund. . . . Counsel for respondent also contends that it could never have been intended that the county court should have been made a disbursing agent for anything else than the estate of the deceased, and that such a construction would render the statute unconstitutional. He cites the case of Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878, and Finn v. Walsh, 19 N. D. 61, 121 N. W. 766. Such, however, we believe to have been the express intention of the legislature. Section 6385 of the Revised Codes of 1895 contained an express provision after the words, 'are not subject to the debts of the decedent except by special contract,' to the effect that, 'but in other respects shall be inventoried and disposed of like other property.' Section 8083 of the Revised Codes of 1905, and § 8719 of the Compiled Laws of 1913, omitted the words, 'like other property,' and changed the clause to the following 'but shall be inventoried and distributed to the heirs or heirs at law of such decedent.' From these amendments we come to the conclusion that the legislature intended that the administrator or executor should inventory the policies and the amount, if any, received thereon, and that he should then distribute the proceeds to the heirs, rather than put the same into the estate. . . . The statute does not require the probate judge to distribute. All it provides is that the property shall be inventoried and distributed. It is certainly not too much to require of a probate court, or rather of an executor or administrator who is to a certain extent a public officer or, at any rate, a public servant for the time being, that he shall inventory such property which comes into his hands and distribute it as the law requires. The duty

of distribution is placed upon him, and not upon the county court." In other words the executor or administrator is the distributing agent of the proceeds of the insurance policy, separate and aside from his duties as executor and administrator or personal representative of the deceased. The county court has nothing to do with the avails of such a policy, and the executor or administrator does not account to such court or to the estate therefor; he is liable to the beneficiaries alone. In an action on the policy no judgment could be rendered against the executor or administrator as executor or administrator of the estate or made a claim against the estate.

If the policy was made payable to an heir the heir could sue in his own name and the statute would not apply for the reason that in such case the heir takes the avails of the policy by contract and not by inheritance. Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549; Hafey v. Hafey, 57 N. D. 381, 222 N. W. 256.

Can it possibly be said that if the executor or administrator sues for the benefit of the beneficiary that the statute applies but if the beneficiary sues in his own name it does not apply?

Likewise in the case of Jorgensen v. DeViney, 57 N. D. 63, 222 N. W. 464, this court said under § 8719, Compiled Laws 1913: "The avails thereof (an insurance policy) are payable directly to the assignee or beneficiary. . . . the insurance company is not required to ascertain what persons are entitled to receive the avails of the policy, and it fulfills all its obligations under the insurance contract by paying the avails thereof to the administrator or executor of the estate of the insured; and such administrator or executor receives them for the person or persons to whom they belong."

"In construing statutes in effect disqualifying as a witness in his own behalf one of the parties to a transaction when the other party thereto is deceased . . . the courts are largely influenced by the general purpose of the statute to protect estates of decedents from fraudulent and fictitious claims, as well as the prevention of perjury. Accordingly these statutes are frequently held to be applicable only when the witness is interested in establishing a claim against or de-

feating the claim of an estate, and proceeding among the heirs or legatees affecting the distribution of the estate." 28 R. C. L. 511, § 98.

Section 7871, Comp. Laws 1913, does not apply to every executor or administrator. In the Lofland case, supra, the action was brought by the administrator to foreclose a mortgage given to secure a promissory note, given by the defendant to Eliza B. St. John, as administratrix of the estate of Albert C. St. John, as the purchase price of certain personal property, which was a portion of the assets of the St. John estate. The note and mortgage were both executed to such administratrix. She died and the plaintiff was appointed administrator of the estate in her place. To prove payment the defendant testified that he paid the note to Eliza B. St. John (the dead administratrix). This was objected to as incompetent and the court held that the statute did not apply, although the action was brought by the administrator and involved part of the estate.

In an action by a remainderman under a will against legatee's administrator in his individual capacity to recover money which he claims to hold as administrator, plaintiff's contention being that the fund in question vested in him upon the death of the legatee and is no part of her estate, plaintiff is competent to testify, either as to conversations or transactions with legatee, during her lifetime, that relates to the fund in question. Corney v. Corney, 257 Ill. App. 13; Sando v. Smith, 237 Ill. App. 570.

In the case of Lewis v. Reed, 48 Cal. App. 742, 192 Pac. 335, the action was upon an insurance policy. The action was by the assignee of said insurance policy against an administrator, and the court said the plaintiff was entitled to show all that he did under the contract in order to sustain his assignment as valid. The case presented was not one where the plaintiff was seeking to recover a claim against the estate of Smith, but rather to recover money which did not belong to the estate and in which the estate had no interest. "In an action against an administrator to establish a trust in intestate's realty plaintiff could testify." Halloran v. Greene, 114 Cal. App. 685, 300 Pac. 469.

The California statute differs from ours. It provides that parties or assignors of a party to an action or persons in whose behalf an action

or proceeding is prosecuted, against an administrator or executor, upon a claim and demand against the estate of a deceased person cannot testify as to any matter of fact occurring before the death of such deceased person.

Our statute is a little broader and provides that in a civil action or proceeding *by or against an administrator or executor,* which means, of course, an action against the administrator on any claim against the estate, as in California, or any action by the administrator upon a demand due the estate, but in either case, it must be either a demand against the estate upon which judgment might be rendered or ordered entered for or against the estate or a demand by the estate in which judgment might be ordered for or against the estate and if the law intended that the statute should apply to all actions by or against an administrator or executor it was entirely unnecessary to add "in which judgment may be rendered or ordered entered by or against them."

What is meant by "them?" "Them" means the administrator or the executor of the estate of the decedent acting as the personal representative of the deceased and they are administrator and executor of the estate only in matters in which the estate is interested. The statute is not general, it specifically relates to actions in which an estate has an interest and is represented by an administrator, an executor or an heir at law or next of kin. Any other construction would render the language of the statute, viz.: "in which judgment may be rendered or ordered entered against them" entirely meaningless, for in every action judgment may be rendered or ordered entered against any of the parties, but cannot be ordered or entered against a party as executor or administrator, unless such party is in fact an administrator or executor representing the estate in the action in a matter in which the estate has an interest.

Idaho's statute is practically the same as California's and in the case of Servel v. Corbett, 49 Idaho, 536, 290 Pac. 200, it is held that statutory provisions rendering incompetent oral communications with deceased persons applies only in actions against personal representatives of the deceased.

In the case of Kirkpatrick v. Kirkpatrick, 106 N. J. Eq. 391, 151 Atl. 51, the New Jersey court quotes from the case of McCartin v.

Traphagen, 43 N. J. Eq. 323, at page 327, 11 Atl. 156, 157 as follows: "The nominal position of the person whose conversation is challenged, as a party on the record in the particular suit, is, in my judgment of no importance; but the test in such cases is, does he stand in a position of antagonism to the estate of the intestate or testator represented in the suit or proceeding in which he is called as a witness, so that, if he should testify upon the prohibited subject he would give his testimony under temptation to forget what he should remember or to commit perjury."

This language is approved and followed in the still later case of Johnson v. Wehrle, 9 N. J. Mis. R. 939, 156 Atl. 231. The court holding that a party to a suit against an administrator whose interest in the matter in litigation is not adverse to the estate represented by the administrator is not disqualified as a witness.

Under § 7395, Compiled Laws 1913, actions must be brought in the name of the real party in interest. To this general rule 7379 is an exception which provides that executors or administrators . . . may sue without joining with them the person for whose benefit the action is prosecuted.

Under this last named section an executor or administrator has authority to bring the action for the benefit of the beneficiaries of a life insurance policy, but certainly this authority does not authorize the ordering of a judgment against the executor or administrator as such for which judgment the estate of the deceased would be liable when the estate has no interest whatever in the subject matter of the action.

In the instant case the defendant could have sued the insurance company direct, and had he done so the statute would not have applied. Where the action is brought for his benefit or the benefit of the beneficiaries, there is no more reason for it applying than if the beneficiary had sued the insurance company direct.

Section 8719, Compiled Laws 1913, specifically says that "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of the member of such society or of such insured shall not be subject to the debts

of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent." It follows as a matter of course that the avails of such life insurance policy is no part of the estate, but belongs to the beneficiary or beneficiaries of the policy.

Since the action on this life insurance policy is not a claim or demand against the estate or a claim through which the estate may be benefited or sustain a loss in any way, an action thereon cannot be an action in which judgment may be rendered or ordered entered for or against the executor, administrator, heirs at law or next of kin, as such executors, administrators, heirs at law or next of kin.

In the case of Keller v. Reichert, 49 N. D. 74, 189 N. W. 690, this court held that a probate of a will does not come within the terms of § 7861, Compiled Laws 1913. The estate of the deceased must be concerned and the parties affected by reason of their relationship thereto. Mowry v. Gold Stabeck Co. 48 N. D. 764, 186 N. W. 866; Clarke v. Ross (Iowa) 60 N. W. 627; St. John v. Lofland, 5 N. D. 140, 64 N. W. 930; Lake Grocery Co. v. Chiostri, 34 N. D. 386, 400, 158 N. W. 998; Re Miller, 31 Utah, 415, 88 Pac. 338.

Subdivision two of § 7871, Compiled Laws 1913, applies only to actions in which the estate has an interest and since the estate has no interest in the avails of this policy, it was error to exclude the testimony of the witness Meier, who was called as a witness. The interested parties, in this action, are the bank and the beneficiary or beneficiaries of the insurance policy and § 7871, Compiled Laws 1913, does not apply.

The order granting a new trial is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL and NUESSLE, JJ., concur.

BURR, J. (concurring in part). I agree with the majority that the order granting the new trial should be sustained; but I do not agree with the interpretation of subdivision 2 of § 7871 of the Compiled Laws as given by the majority in its application to the facts in this case. .

The statute says:

"In civil action . . . by or against . . . administrators . . . in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with or statement by . . . intestate, unless called to testify thereto by the opposite party; and where a corporation is a party in proceedings mentioned in this section, no agent, . . . of such corporation shall be permitted to testify to any transaction had with the . . . intestate."

Fred H. Miller, as administrator of the estate of John Steiger deceased, commenced this action in which the bank became the substituted defendant. The controversy arises over the right to the avails of the life insurance policy made payable to "insured's executors, administrators or assigns." The defendant claimed to be entitled thereto by reason of an assignment of the policy as security for a debt. The issue arises upon the objection to the testimony of the defendant's agent as to the purported assignment made by the deceased himself,—this being the "transaction with the intestate" involved.

The application of this section, to prevent testimony by such agent, requires in this case, four things: A civil action by the administrator; an action in which judgment may be rendered or ordered entered for or against the administrator; the witness sought to be disqualified must be a party to the transaction or the agent of the corporation that is a party; and such witness must be attempting to testify to a transaction with the intestate.

The facts of the case, as set forth in the majority opinion, disposes of all of these points adverse to the rule laid down.

The witness was the agent of the defendant corporation and therefore was in the class that could be disqualified.

The transaction regarding which he was testifying occurred between the corporation and the intestate and therefore was within the prohibited class.

This action is an action commenced by the administrator. He is not suing in his individual capacity; but is suing as administrator. It is only as administrator that he may sue in such case as this. It is as administrator that he is entitled to the possession of the avails of the life insurance policy, and as administrator he is required by the stat-

ute to include the same in his inventory of the estate of the decedent so that they 'may be "distributed to the heirs or the heirs at law of such defendant."

It is one of the duties resting upon him as administrator of the estate. The fact that the proceeds are not subject to the debts, and in this case go directly to the heirs as if the policy had been made payable to them, does not limit the fact that the administrator of the estate is the one to receive and inventory the proceeds, and distribute them. He does this because he is the administrator.

Fred H. Miller has no right to maintain this action unless he be the administrator. It is as administrator he has the right to maintain the action and so this is an action by an administrator. Very easily such an insurance policy could be made payable to the estate so as to be subject to the debts, and the proceeds thereof go to the creditors. The administrator is interested in the insurance policies in order to distribute the avails. That the law provides the proceeds shall be distributed according to a certain plan does not affect the fact that this is a suit by the administrator.

The California decisions cited in the majority opinion are not applicable to the facts in this case because the California statute is different. In California a party cannot be a witness in "an action or proceeding . . . against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person." Our statute does not limit the disqualification to an action upon a claim or demand against the estate. With us a party is disqualified from testifying to a transaction with the intestate *in any action by or against the administrator*.

The case of St. John v. Lofland, 5 N. D. 140, 64 N. W. 930, cited in the majority opinion, has no bearing on this case. The testimony sought to be excluded in that case, and which this court said should not be excluded, was not testimony regarding a transaction with the decedent but was testimony regarding a transaction with a deceased administrator of the estate, and therefore did not come within the class of cases where the testimony could be excluded.

The Idaho case cited, Servel v. Corbett, 49 Idaho, 536, 290 Pac. 200, is not in point because the testimony sought to be elicited there-

from was not being given by a party to the suit, but by a mere witness. The witness was Xavier Servel who was not a party to the action. He was a bankrupt and his trustee in bankruptcy was the party. The suit was between the administratrix of the estate of his deceased brother and those who had control of the witness's estate, the United States marshal and the trustee in bankruptcy, and the bankrupt was a mere witness.

The case of Kirkpatrick v. Kirkpatrick, 106 N. J. Eq. 391, 151 Atl. 51, was a case where the witnesses involved were made defendants because they refused to join as complainants and the court held that they were in fact complainants and therefore could be called by the complainant. The case of McCartin v. Traphagen, 43 N. J. Eq. 323, 11 Atl. 156, cited in this New Jersey case and referred to in the majority opinion, involved the right of a party to call a defendant, as an adverse party.

The New Jersey statute involved is entirely different from ours. The court refers to it as § 4 of the Evidence Act (2 Comp. Stat. 1910, p. 2218). This section says:

"In all civil actions any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; provided, this section shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator or intestate represented in said action, unless the representative offers himself as a witness on his own behalf, and testifies to any transaction with or statement by his testator or intestate, in which event the other party may be a witness on his own behalf as to all transactions with or statements by such testator or intestate, which are pertinent to the issue."

This section prevents a party from voluntarily presenting himself as a witness unless the representative offers himself as a witness; but it does not prevent the representative from calling this party as an adverse witness.

The case of Farmers State Bank v. Smith, 36 N. D. 225, 234, 162 N. W. 302, cited by the majority opinion says "We come to the conclusion that the legislature intended that the administrator and executor should inventory the policies and the amount, if any, received

thereon, and that he should then distribute the proceeds to the heirs, rather than put the same into the estate." This case expressly shows that it was part of the powers of the administrator in such case to distribute the proceeds and says "the duty of distribution is placed upon him and not upon the county court."

Stress is laid upon the clause in the statute which says the action must be one "in which judgment may be rendered or ordered entered for or against the administrator." Whatever judgment is rendered in this case will be for or against the administrator. The judgment will be that the avails do not belong to the bank, but are to be turned over to the administrator to be inventoried and distributed by him; or it will be held the policy was assigned to the bank and the administrator therefore has no right to the proceeds and cannot inventory and distribute them.

The case in which such statute is applicable is one involving qualifications of the witnesses. The witnesses disqualified are not those who have an interest in the issue. The test is this—is the witness tendered a party? If a party he will be disqualified to testify as to a transaction with the intestate, even if he have no interest in the issue. In Nugent v. Dittel, — Iowa, —, 239 N. W. 559, the defendant was made a party under the theory that he claimed some interest in the real estate involved, which real estate was claimed by the plaintiff as executor of the estate of a decedent. Dittel answered alleging the estate belonged to his co-defendant, and as the opinion says, he claimed "to have no interest in the outcome of the litigation." The facts in the case show he had no interest. The court held he was disqualified to testify as to the transaction between the decedent and his co-defendant, because he was a party to the action. It may be said that this Iowa case differs from the one involved because there the estate of the decedent was interested in the real estate involved, and in this case the evidence shows that the avails of the insurance policy do not go to the estate but go directly to the heirs. However it is not the interest in the issue which is the deciding factor, it is the relationship of the witness to the lawsuit—is he a party? Had the plaintiff in this case offered to testify as to the transaction with the decedent the defendant could have objected to him as a witness on the ground that he was a par-

ty to the action, and could not be called without defendant's consent. The fact that he would not be permitted to use the avails to pay the debts of the estate could not impair the defendant's right to exclusion. That the assets of the estate are not increased or decreased by the outcome of this lawsuit, does not alter the facts, that this is a suit by the administrator of the estate, that the bank is a party to the action, and that the transaction sought to be shown is one had with the decedent and is the one involved in the action. We are not concerned, as in California, with whether it is a claim or demand against the estate. A witness may have a very vital interest in the outcome of the lawsuit and it may turn upon the very issue involved here—the signature of the decedent to the alleged assignment—but that does not prevent him being a witness so long as he is not a party.

In Corbett v. Kingan, 19 Ariz. 134, 166 Pac. 290, 294, the court, after quoting extensively from various decisions including decisions from the United States Supreme Court—all dealing with the question of the interest of the witness in the transaction and its effect upon such statutes—says: "We have come to the conclusion that the persons prohibited from testifying under our statute as to transactions and statements of a deceased person when a judgment may be either for or against the legal representative, heir, devisee, or legatee of the decedent are confined to formal technical parties to the suit, and that the interest of the witness, however immediate or extensive, is not the disqualifying factor."

The fact then that the estate may have a vital interest in the issue or that the estate can have no interest in the issue is not the controlling factor. The controlling factor is, is it an action by the administrator and is the witness sought to be disqualified a party, or agent of a party? Hence I dissent from that portion of the majority opinion which holds the testimony offered was admissible.